[Bush v. The State.]
special malice which the words 'willful and malicious' imply."
*Com. v. Williams*, 110 Mass. 401.

Reversed and remanded. Defendant will remain in custody,
until discharged by due course of law.

# Bush *v.* The State.

### *Indictment for Forgery.*

1. *Relevancy of evidence as to amount due to defendant by drawer of forged order.*—Under an indictment for forgery in falsely altering and raising an order for merchandise, evidence of the fact that, at the time the order was given, the drawer owed the defendant more than the sum specified in the order, is not relevant or admissible for any purpose.

FROM the Circuit Court of Choctaw.

Tried before the Hon. WM. E. CLARKE.

The indictment in this case charged that the defendant, Wash Bush, " falsely, and with the intent to injure or defraud, did forge an order, purporting to be the act of one W. H. Curtis ; " which order was set out in the indictment, being dated July 30th, 1884, directed to J. E. Westcott, and in these words: " *Pleas let Wash Bush trad in your store to the amount of* " ——, " *and charge the same to my account.*" The amount expressed in the order was written in figures, which appeared to have been altered, appearing to be $1.00 ; the figures above the ciphers having been erased, and the figures 90 added after the ciphers. Curtis, by whom the order was written, testified as a witness for the State, that the sum specified in the order, as written, was $1.30, or $1.35 ; while Westcott, to whom it was presented by the defendant, testified that the defendant said it was intended for $1.90, and that he delivered goods to that amount on the faith of it. The defendant offered to prove that the amount due from Curtis to one Prince Bush, defendant's brother, for which debt the order was given, was $2.40 ; and he excepted to the exclusion of this evidence.

The record and dockets do not show that any counsel appeared in this court for the appellant.

T. N. McCLELLAN, Attorney-General, for the State, cited *Kimball v. The State*, 50 Maine, 409 ; Amer. Crim. Law, 150 *d.*

STONE, C. J.—It would seem that the act which constituted the crime of which the defendant was found guilty, was the false alteration and raising of an order for merchandise, from a smaller to a larger sum, "with the intent to injure or defraud." The testimony offered in defense, and which was ruled out, would have tended to show that Curtis, who drew the order, owed the defendant a greater sum than the order called for, either at the time it was drawn, or after it was raised. There was no error in ruling this evidence out. It could not tend to show any authority to alter the order, could not tend to disprove the alleged alteration, and could not shed any light on the defendant's intent, if he did alter and raise the order, as charged.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.