## CLAIBORNE V. STATE.

1. FORGERY: *Of school warrant.*
   It is forgery to make a false school warrant in the name of a majority of the school directors. *Crain v. State*, 45 Ark., 450.

2. SAME: *By creditor on his debtor.*
   It is no defence for a creditor to show that when he executed a forgery on his debtor, he intended to apply the money thus obtained to the payment of his debt.

3. SAME: *Fraudulent intent.*
   One who is authorized to sign the name of another to an instrument for the payment of money in a stated amount, or for a legal purpose, will commit forgery if he signs it for a larger amount, or for an illegal purpose, with intent to defraud.

4. INSTRUCTIONS: *Excluding points raised by evidence.*
   It is not error to refuse a prayer for an instruction which, though correct as far as it goes, is so framed as to exclude from the consideration of the jury points raised by the evidence of the adverse party.

5. SAME: *Same.*

A charge that a conviction should be had if the jury find the existence of a given state of facts, which do not legally import guilt without a specific intent, is erroneous, and the error of the specific charge upon the facts singled out by the court to the exclusion of others which the jury had the right to consider, is not cured by a correct general charge in regard to the guilty intent necessary to constitute the offence.

APPEAL from *White* Circuit Court.

M. T. SANDERS, Judge.

The appeal in this case is from a conviction for forging a school warrant. The defendant was one of the directors of the district out of the funds of which the warrant was payable, and it purported to be drawn by the other two directors in favor of the defendant for the sum of $25.00, in payment, as expressed, "for stoves for school houses." On the trial, defendant admitted that he signed the names of the other directors to the warrant, but testified that he did so in good faith, believing that he had a legal demand against the district and that he had authority from the other directors to sign their names to all warrants for such demands. He was secretary of the board, and there was other testimony to show that he had a general authority to sign warrants for the other directors. Other facts were in evidence, which are stated in the opinion.

*J. W. House,* for appellant.

The forging the names of the directors was not sufficient. It must have been done with a fraudulent intent to deprive the school district of its money. If the school district owed Claiborne $25.00 at the time the warrant was drawn, while it was wrong to sign the names of the other directors, it was not forgery, it was not a criminal wrong. 15 Ohio, 717; 51 Ga., 535; 7 Cox Cr. C., 122. A person is never criminally

responsible for doing what he believes he has a right to do, when acting on a fair ground of reason and without fault or carelessness. 7 Car. & Payne, 224; Id., 94; 8 Hun. (N. Y.), 623; 1 Foster & Fuil., 529; 22 Am. Dec. 313; 15 Mass., 526: 15 Ohio, 717. There can be no forgery without an intent to defraud. 1 Whart. Cr. L., sec. 717; 5 Ohio, 5; 22 Am. Dec., 302; 15 Mass., 526; 15 Oh., 717.

Under the instructions of the court, and particularly No. 1 *a*, the jury were compelled to bring in a verdict of guilty, although they may have believed Claiborne intended no wrong. The right to determine the intention of Claiborne from all the facts and circumstances was taken from the jury. If he drew the warrant in good faith, not intending to defraud, believing he had a just demand, he was not guilty, even if he did sign the names of the directors without authority. 31 Ark., 554; 135 Mass., 367; 1 Whart. Cr. Law, secs. 717–18; 49 Ark., 156; 37 Id., 580. Even if Claiborne's testimony was false, he had the right to have an instruction based on his version. Authorities supra. 32 Ark., 470; 37 Id., 164; 43 Mass., 99; 94 Id., 591.

*Dan. W. Jones*, Attorney-General, for appellee.

A creditor has no right to forge his debtor's name to a check or note, though he intend to apply the proceeds to the extinguishment of the debt.

It is a forgery to sign two of the names, or one of the two names of the three school directors to a warrant, as a warrant signed by two of the directors is valid. Mansf. Dig., sec. 6366; 36 Ark., 449.

An instruction which *assumes* certain facts to be true, or which emphasizes certain parts of the testimony, should be refused. 36 Ark., 117; 37 Id., 333; 30 Id., 383.

Nor should one be given where there is no evidence upon which to base it. 29 Ark., 151; Thompson Charging the Jury, p. 62; 42 Ark., 61.

We come now to instruction No. 1 *a*, given by the court on its own motion, and which is so seriously objected to by appellant. It seems to have been intended by the court, and the effect of it was, to direct the attention of the jury to the proposition of law, that authority to sign the names of the other directors to legal demands against the district was not an authority to sign their names to warrants for demands which he knew were not legal, or demands that he knew had been paid, or were included in another warrant which he knew had been paid. And in this instruction the further proposition is involved, that every sane man is presumed to intend the natural consequences of his act. *Howard v. The State*, 34 Ark., 433. And it also involves the further proposition that the act of signing the names of the other two directors to a warrant for a demand which he knew had been paid, or was included in another warrant which he knew had been paid, was an act in itself unlawful, and the law implies a criminal intent. *Harris v. The State*, 34 Ark., p. 469; *The State v. Kimball*, 50 Maine, 409.

The intent to defraud mentioned in the statute, and indeed in the works of text writers, does not mean, necessarily, an intent to actually defraud, but it must be an intent that the forged instrument shall be used as good. See Bish. Cr. Law and authorities cited, vol. 2, p. 305.

COCKRILL, C. J.

1. In the case of *Crain v. State*, 45 Ark., 450, it was held to be forgery to make a false school warrant in the name of only two school directors, and the court did not err in refusing to instruct otherwise.

1. FORGERY: Of school warrant.

Claiborne v. State.

2. SAME:
By creditor
on his debt-
or.

2. It is well settled that when the intention to give effect to a forged document is established, the intent to defraud is conclusively presumed. It is, therefore, no defence for a creditor who executes a forgery upon his debtor to show that he intended to devote the money thus raised, to the payment of the debt due him. 2 Bish. Cr. Law, sec. 598; 1 Whart. Cr. Law, 718; *Regina v. Wilson*, 1 Den. Crown Cas.,* 284; S. C. 2 Car. & Kir., (61 Eng. Com. Law) *531; *Bush v. State*, 77 Ala., 83; *State v. Kimball*, 50 Me., 409; *Com. v. Squires*, 97 Mass., 59. Several of the prisoner's requests to charge the jury were not consistent with this principle, and the court did not err in rejecting them.

3. One of his requests which was denied by the court was as follows: "The jury are instructed that if they believe from the testimony that the defendant was not authorized to sign the names of the other directors to the order alleged to have been forged; yet, if they believe from the evidence that he was acting on a fair ground of reason, without fault or carelessness, believing himself authorized to sign their names, then he is not guilty and they must acquit."

This is an enunciation in the abstract of a principle of the common law. It is not necessary that one who signs the name of another should have express authority to do so to relieve him of the penalties of forgery. If it appears from the proof that he had reasonable ground for considering that he had authority and acted upon that belief, the intent to commit the offence would be wanting and he would not be guilty. *Regina v. Parish*, 8 Car. & P., 94; *Parmelee v. People*, 8 Hun., 623.

3 SAME:
Fraudulent
intent.

But the request makes the application of the principle too narrow for the facts of this case; for one may have authority to sign the name of another to an instrument for the payment

Claiborne v. State.

of money in a stated amount, or for a legal purpose, and yet commit forgery by signing for a larger amount, or for an illegal purpose, with intent to defraud. *Rex v. Hart*, 1 Moody Cr. Cas., 486; *Regina v. Wilson*, and cases cited, *supra*. The request should have been so framed as to leave the jury at liberty to convict the prisoner, notwithstanding they might find that he had reasonable ground upon which to base a belief in his authority to act for the other directors, if it was also found that he signed their names to the warrant with the fraudulent purpose of paying an amount the school district did not owe. The legal question, whether the instrument was forged or not, would be the same whether the claim, for the payment of which the warrant was drawn, was held by the prisoner or another.

4. INSTRUC-
TIONS.

4. Upon the phase of the case relating to the payment of a demand not due from the district, the court charged the jury as follows:

5. SAME.

"If a school director draws a warrant on the school fund of the district, payable to himself or order, for an expense of the district which he knew had been previously paid, or which he knew had been included in another warrant that had been previously drawn on the school fund of the district and paid, and signs the names of the other directors thereto, he is guilty of forgery, although he may have had a general authority to sign their names to orders for legal demands against the district."

The charge, like the defendant's rejected request, tended to restrict the jury's field of inquiry to isolated facts, to the exclusion of other considerations which enter into the determination of the question of the prisoner's guilt.

The district was indebted to one Roberts in the sum of $40.00 for a month's salary, and owed $25.00 for a stove,

etc., purchased by the prisoner for the use of the school. He drew a warrant in Roberts' favor for $65.00, intending thereby to pay the teacher's salary and his own demand. The warrant was delivered to Roberts and was paid to him by the county treasurer out of the school fund; but, according to the prisoner's version, the arrangement by which he was to be paid was not permitted to stand. His explanation is that after the $65.00 warrant was issued the conclusion was reached that the whole amount would have to be charged to the teacher in whose favor the warrant was drawn, because it professed to be drawn for teachers' salary; that he having practical control of the affairs of the district and believing that he had authority to act, thereupon agreed with the teacher that the $25.00 in excess of the amount then due him on account of his salary, should be charged to him as money paid in advance on that account; and that the whole amount was retained by the teacher with that understanding and for the reason stated. There was evidence to show that his explanation was false and that he actually received the $25.00 from the teacher in pursuance of the understanding between them, but it was for the jury to settle the conflict in the testimony. The prisoner's version may be false, but cannot be ignored by the instructions to the jury. If true, it is consistent with good faith, whether he had the actual legal authority to draw the warrants and deal with the school fund as he did or not; and if he drew the $25.00 warrant under a general authority from the other directors to sign their names to warrants for legal demands against the district, believing that it was for a subsisting legal demand and without the intent to defraud, he was not guilty of forgery. But the charge above copied leaves these considerations out of view and informs the jury that the prisoner

Claiborne v. State.

is guilty if he drew the warrant for an amount which he knew was included in the first warrant.

The specific charge upon the facts would likely make a deeper impression on the jury than the more general charge in regard to the criminal intent, which the court told them in another connection they must find the prisoner entertained before they could convict. They would naturally infer that the facts selected and pointed out by the court raised a conclusive presumption of fraud, and in themselves authorized a conviction if found to exist. The charge was too certainly calculated to mislead to justify an affirmance. The judgment is, therefore, reversed, and the cause will be remanded for a new trial.