Missouri Pacific Railroad Company *v.* Bode.

Opinion delivered March 9, 1925.

1. Railroads—killed at crossing—evidence of negligence.—In an action against a railroad company for negligently killing plaintiff's intestate at a crossing, evidence that defendant's trainmen failed continuously to sound the bell and whistle until after the crossing was reached *held* to sustain a finding that defendant was negligent.

2.  NEGLIGENCE—COMPARATIVE NEGLIGENCE A JURY QUESTION WHERE.—Evidence *held* insufficient to show that plaintiff's intestate killed at a railroad crossing was, as matter of law guilty of contributory negligence as matter of law in a degree equal to that of defendant railroad, so as to preclude recovery under Crawford & Moses' Digest, § 8575.

3.  RAILROADS—INSTRUCTION AS TO NEGLIGENCE IN FAILING TO GIVE CROSSING SIGNAL.—An instruction that it was the duty of trainmen to sound the crossing signal continuously from a point at least 80 rods from the crossing, and that, if this was not done, and the intestate "was fatally injured because it was not done," then the defendant was negligent in causing said injury, *held* not erroneous.

4.  TRIAL—REFUSAL OF INSTRUCTIONS—MATTERS NOT IN ISSUE.—Refusal of requested instructions as to keeping of outlook and discovered peril was not error where those matters were not in issue.

5.  NEGLIGENCE—INSTRUCTION AS TO COMPARATIVE NEGLIGENCE.—Though intestate's contributory negligence was `admitted, it was nevertheless proper to charge the jury as to that defense, to enable them to determine the extent of intestate's negligence and to compare it with defendant's negligence in fixing the amount of recovery if any, under Crawford & Moses' Dig., § 575.

Appeal from Randolph Circuit Court; *John C. Ashley,* Judge; affirmed.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

A traveler approaching a railroad crossing is bound to exercise such care and prudence as an ordinarily prudent man would exercise under the circumstances, in looking and listening for approaching trains.   138 Ark. 589; 101 Ark. 321; 45 Ark. 431; 65 Ark. 235; 69 Ark. 135; 76 Ark. 225; 78 Ark. 355; 105 Ark. 183; 100 Ark. 527. White, Personal Injuries, § 1009.   Where there is nothing in the traveler's approach to the crossing which would excuse him from the absolute duty of looking and listening, the failure to give signals cannot be considered upon the question of contributory negligence.   110 Ark. 166; 104 Ark. 38; 96 Ark. 643; 103 Ark. 374; 101 Ark. 316.   A traveler must also take notice of the fact that a railroad crossing is a place of danger.   136 Ark. 249; 117 Ark. 457; 137 Ark. 7; 125 Ark. 163; 288 Fed. 502.

*Pope & Bowers* and *Tom W. Campbell,* for appellee.

The cases cited by counsel for appellant on the question of the duty of travelers at railroad crossings are not applicable. Contributory negligence on the part of a person injured by a train at a railroad crossing will not defeat a recovery for damages, unless his negligence is as great as that of the company. C. & M. Dig. § 8575. And that is a question for the jury to determine. 147 Ark. 28; 151 Ark. 34. An instruction is not erroneous because it does not cover every phase of, or all the issues in, the lawsuit. 88 Ark. 524; 83 Ark. 61; 80 Ark. 19; 88 Ark. 433; 144 Ark. 641; 147 Ark. 302; 141 Ark. 280.

McCulloch, C. J. Appellee's intestate, F. C. Bode, was killed in a collision between an automobile which he was driving and one of appellant's passenger trains at the village of O'Kean, in Randolph County, Arkansas, and this is an action instituted by appellee to recover damages for the benefit of the estate and of the next of kin.

The collision occurred at one of the street crossings in the village during the afternoon of August 14, 1923. The deceased was crossing the railroad track from east to west, and the train with which the automobile collided was coming from the north. It was charged in the complaint that the men operating the engine were guilty of negligence in failing to give the statutory signals by bell or whistle, and in failing, after discovering the perilous position of deceased near the track, to exercise ordinary care to prevent the collision. Both of the charges of negligence were denied in the answer, and contributory negligence of the deceased was also pleaded.

After the conclusion of the introduction of testimony, and before the court's instructions were given to the jury, counsel for appellee expressly withdrew all claim of liability based on discovered peril, and also expressly conceded that deceased was guilty of contributory negligence in failing to look and listen for

approaching trains. The case went to the jury on instructions on the issue as to negligence of the employees of appellant in failing to give the statutory signals and upon the issue whether the negligence of deceased was equal or greater in degree than the alleged negligence of such employees. The jury returned a verdict in favor of appellee, awarding damages in the sum of $5,000.

According to the testimony adduced, Mr. Bode, the deceased, was a merchant and farmer, residing at O'Kean. His storeroom fronted the railroad in the village, and his residence fronted on a street a block away from the railroad. About 3:30 o'clock in the afternoon in question, deceased got in his car at his residence and drove northwesterly to a street which crosses the railroad track at right angles, and when he reached that street he turned west and attempted to cross the main track, when his automobile was struck by a southbound passenger train.

There was a sidetrack about forty feet east of the main track, and, according to the testimony of one of the witnesses, the whistle of the train was blown about a quarter of a mile north for the station, and deceased was then within about sixty feet of the track. He was seen by numerous witnesses, and they all testified that, when he crossed the sidetrack going in the direction of the main track, he appeared to be unconscious of the approach of the train from the north, and had his head turned towards the south, as if looking in that direction. The way was clear towards the north, and he could have seen the train approaching if he had looked in that direction. The witnesses testified that, just as he was about to drive up on the main track, he turned his head to the north, and apparently saw the train coming, but it was too late for him to get out of the way. The testimony also shows that he slowed down his car just before he went on the main track, but did not stop.

There is a conflict in the testimony about the giving of the statutory signal. All of the witnesses testified that the whistle was blown north of the station, but there

is a conflict as to whether or not the bell was rung or any signal given after the first blast of the whistle.

The evidence warranted a finding that the men in charge of the train did not, as required by statute, continue to sound the bell or whistle until after the crossing was passed. It is earnestly insisted by counsel for appellant that the verdict of the jury is not supported by legally sufficient evidence, and that the court should have taken the case away from the jury by a peremptory instruction. We cannot agree with counsel, for we are of the opinion that the evidence was sufficient to sustain the verdict.

It is conceded that deceased was guilty of contributory negligence, but, under the statutes of the State now in force, that is not an absolute bar to recovery. The statute on this subject reads as follows:

"Section 8575. In all suits against railroads for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided, that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence." Crawford & Moses' Digest, Acts 1919, p. 143.

It is argued, too, that it ought to be said in this case that the undisputed evidence shows that the negligence of the deceased was, as a matter of law, at least equal to that of the servants of appellant in charge of the train, and that for that reason there can be no recovery, but we cannot agree with counsel in this contention. The collision occurred in the light of day, and the track and right-of-way were free of obstructions. Either party, deceased or the trainmen, could have discovered the danger and might have avoided it by the exercise of proper care. Deceased should have looked to the north, and was guilty of negligence for not doing so. On the other hand, the men operat-

ing the engine should have given the statutory signals until the crossing was passed, and, if they had done so, the collision may have been averted.  Nearly all of the witnesses testified that deceased appeared to be intently looking towards the south, as if he expected danger in that direction, and the jury could have found that he did not hear the whistle of the engine coming from the north.  This did not excuse the deceased from looking towards the north, but it was worthy of consideration as showing that deceased was making an honest, if misguided, effort to avoid danger, in determining the degree of his negligence as compared with that of the men operating the engine in failing to give the statutory signal. At any rate, we are unable to say that the negligence of the deceased was, as a matter of law, equal to or greater than that of the men in charge of the engine, and we think that it was a question to be properly submitted to the jury under the circumstances of the present case.

There are numerous objections to the court's charge to the jury and in refusing to give instructions requested by appellant.  Among other things, there is an objection to the following instruction:

"37.  It was the duty of the employees of the railroad company, in this case, not only to ring the bell or sound the whistle at a distance of at least eighty rods from the crossing, but also to keep the bell ringing or the whistle sounding continuously from a point at least eighty rods before the crossing was reached, or until the train passed the crossing, and, if this was not done, and the said Fred C. Bode was fatally injured because it was not done, then the defendant railroad company was negligent in causing said injury."

It is contended that this instruction was objectionable because it confines the issue to the negligence of appellant's servants in failing to give the statutory signals. We do not think, however, that the instruction is open to that objection, for it does not state that the failure to give the statutory signal renders the appellant liable in damages in this case, but merely states that the omission

to give the signal would constitute negligence in caus-
ing the injury, and this was coupled with the further
statement, leaving it to the jury to determine whether or
not the failure to give the signal caused the injury.

Appellant requested the court to give certain instruc-
tions relating to the questions of liability for failure to
keep a lookout and on the ground of discovered peril, but
these matters were not issues in the case at the time of
the submission to the jury, and therefore it was unneces-
sary for the court to give instruction on those subjects.
Notwithstanding the admission by appellee's counsel of
contributory negligence on the part of deceased, it was
proper for the court to instruct the jury in regard to the
duty of a traveler in crossing the track, so that the jury
could determine the extent of the negligence and com-
pare it with the negligence of the railroad employees.
This was done by the court, and the question of contribu-
tory negligence was properly submitted for the purpose
indicated above, notwithstanding the concession as to
contributory negligence.

We fail to find any error in the proceedings, and
the judgment is therefore affirmed.