MISSOURI PACIFIC RAILROAD COMPANY *v.* ROBERTSON.

Opinion delivered November 30, 1925.

1.  RAILROADS—NEGLIGENCE IN CROSSING ACCIDENT—JURY QUESTIONS.—
    Evidence in an action for personal injuries in a railroad crossing
    accident *held* to justify submission of the issues of negligence
    and of contributory and comparative negligence to the jury.

2.  RAILROADS—FAILURE TO KEEP LOOKOUT JURY QUESTION.—Evidence
    *held* to justify submission to the jury of the question whether the
    testimony of the fireman to the effect that he kept a lookout was
    reasonable, self-consistent and uncontradicted.

3.  RAILROADS—FAILURE TO WHISTLE FOR CROSSING—INSTRUCTION.—
    An instruction that if the defendant's employees failed to whistle
    for the crossing, but did whistle for the station, and that such
    station was a long blast, and nearer to the station than would
    have been the crossing whistle, failure to give the crossing whistle
    was not the proximate cause of the accident, *held* properly refused
    as argumentative and erroneous, since the failure to give the
    crossing signal is negligence, and it is for the jury to say whether
    such failure was the proximate cause of the injury.

4.  RAILROADS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.—It was
    not error, in an action for personal injuries received at a railroad
    crossing, to charge the jury that, if it appeared to this plaintiff as
    a reasonable person that greater danger was to be apprehended
    from one end of the track than the other, plaintiff might give
    more attention to that end, where the court further charged that
    plaintiff would not be guilty of contributory negligence unless
    he failed to look both ways and to listen for approaching trains
    or to use ordinary care to avoid injury, such as stopping, if neces-
    sary, that he might better look and listen.

5.  RAILROADS—COMPARATIVE NEGLIGENCE—INSTRUCTIONS.—Instruc-
    tions given by the court, in a personal injury action, when taken
    together, *held* to require that plaintiff's negligence be less than
    defendant's before the jury would be justified in returning a ver-
    dict in plaintiff's favor.

6.  RAILROADS—INJURY AT CROSSING—INSTRUCTION AS TO PRESUMP-
    TION.—In an action for personal injuries received at a railroad
    crossing, an instruction that "if plaintiff was injured by the
    running of a railroad train at a public crossing, the law pre-
    sumes that the injury was negligently done; but the railroad, to
    avoid liability, may show by a preponderance of the evidence
    that the injury was not the result of the negligence of the rail-
    road,"—was not open to a general objection when read in connec-
    tion with instructions properly submitting the issue as to con-
    tributory negligence.

Appeal from Greene Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Thos. B. Pryor* and *Gordon Frierson,* for appellant.

*Huddleston & Little,* and *R. P. Taylor,* for appellee.

Wood, J.  This is an action by the appellee against the appellant to recover damages for personal injuries growing out of the alleged negligence of the servants of appellant in the operation of its train.  The appellee alleged that, while he was driving a truck over the track of appellant on a public crossing, appellee and his truck were struck through the negligence of the servants of appellant, operating its train, in failing to give the statutory signals, and in failing to keep a lookout, and in running said train at an excessive rate of speed.

The appellant, in its answer, denied the material allegations of the complaint and set up the affirmative defense of contributory negligence on the part of the appellee.  The verdict and judgment were in favor of the appellee, and the appellant duly prosecutes this appeal. We will dispose of the appellant's contentions in the order presented in brief of its counsel.

1.  Appellant contends that the court erred in refusing its prayer for instruction No. 1, as follows: "You are instructed to return a verdict for the defendant." Learned counsel for appellant argue, first, that the undisputed testimony shows that the appellant's servants, in operating its train, were not negligent; and, second, if counsel be mistaken in this, that the undisputed testimony shows that the appellee was guilty of contributory negligence, and that his contributory negligence was much greater than any negligence of appellant's servants, and that in either event the appellant is not liable.  There was testimony on behalf of the appellee tending to prove that, while the appellee was traveling on the highway approaching the crossing, and about the time appellee reached the point where he would turn south on the highway, and where he could see as far as 400 feet to the north, the direction from which the train was coming that

injured him, he looked both to the north and the south, and did not see or hear the train. From the time he made the turn he was traveling south toward the crossing with his back in the direction from which the train was coming that struck him at the crossing. The train that struck the appellee was due at the station at 8:30, but it was shown by one of the witnesses for the appellee that the train was an hour late. Appellee's testimony tended to show that about the time he usually arrived at Lafe in the morning, a train from the south—from Paragould— also arrived, and the appellee was expecting that train, and giving more attention to that direction. It was a cold, cloudy day, and appellee had the curtains up on his truck. Witnesses testified to the effect that they did not hear the bell ring or the whistle sound. Under the above testimony the issues of negligence, contributory and comparative negligence were for the jury.

2. The appellant next contends that the court erred in submitting to the jury the question as to whether or not the appellant's fireman failed to keep a lookout. The fireman testified that he was keeping a lookout, and that he saw the appellee as soon as he came out from behind the obstructions. It would unduly extend this opinion and could serve no useful purpose to set out and discuss in detail the testimony of the fireman to determine whether or not the court erred in submitting the question of a failure to keep a lookout to the jury. We have examined the testimony, and have concluded that the court did not err in submitting this issue. In other words, it was for the jury to say whether or not the testimony of the fireman, to the effect that he kept a lookout, was reasonable, self-consistent, and uncontradicted. The court's instructions on this issue were correct.

3. Counsel for appellant next contend that the court erred in refusing to give its prayer for instruction No. 5 as follows: "You are instructed that, if you find from the evidence that the defendant's employees failed to whistle for the crossing, but did whistle for the station,

and that such station whistle was a long blast, and nearer the station than would have been the crossing whistle, failure to give the crossing whistle under such circumstances would not be the proximate cause of the accident." The appellant concedes that there was testimony sufficient to warrant the court in submitting to the jury the issue as to whether or not the statutory signals were given as required by § 8568 of C. & M. Digest. That statute requires the bell to be rung or whistle to be sounded at a distance of eighty rods from the railroad crossing, and to be kept ringing or whistling until the train shall have crossed the said road or street.

It is manifest, even though the whistle for the station would be tantamount likewise to sounding the whistle for the crossing, nevertheless one long blast sounded for the station or for the crossing would not be a compliance with the statute, for the statute requires that the signal be given at a distance of at least eighty rods, and that the same be kept up until the crossing is passed. The failure to give the statutory signals is evidence of negligence, and where the testimony shows that such signals were not given, it is for the jury to say, under the evidence, whether the negligence in failing to give such signals was the proximate cause of the injury. See *Mo. Pac. Ry. Co.* v. *Bode,* 168 Ark. 157. Therefore, the appellant's prayer for instruction No. 5 was argumentative, and the court did not err in refusing to grant the same.

4. The appellant urges reversal on the ground that the court erred in giving appellee's prayer for instruction No. 6 to the effect that, if it appeared to the appellee before crossing, as a reasonably prudent person under the surrounding circumstances, that greater danger was to be apprehended from one end of the track than the other, appellee might give more attention to that end of the track from which he apprehended the greater danger. The court had granted appellee's prayer for instruction No. 5, which in effect told the jury that the appellee would not be guilty of contributory negligence

unless "he failed to look both ways, and to listen for approaching trains, or to use ordinary care to avoid injury, such as stopping, if necessary, that he might better look and listen." When the two instructions are considered together, it is clear that there is no reversible error in giving appellee's prayer for instruction No. 6.

5. It is argued that the court erred in granting appellee's prayer for instruction No. 8 as follows: "If you find that the plaintiff was guilty of contributory negligence, you will, if you find for the plaintiff, diminish the amount of the verdict in proportion to such contributory negligence." This instruction did not correctly set forth the doctrine of comparative negligence as prescribed in § 8575 of C. & M. Digest, but appellee's prayer for instruction No. 14, which the court granted, correctly set forth the statutory rule of comparative negligence, and, when the two are read together, there is no conflict between them, and no prejudicial error resulted to the appellant in granting instruction No. 8. A similar situation arose in the case of *St. L. I. M. & S. Ry. Co.* v. *Kilpatrick,* 155 Ark. 632-638, where we said, speaking of an instruction precisely in the same language as that of appellee's prayer for instruction No. 8 in the case at bar: "This instruction will not be incorrect when other instructions are given conforming to the views herein expressed. It will not then, as counsel for appellant insist, permit a recovery, even though the contributory negligence of appellee is greater than that of the negligent employees of the railroad, for, when conformed to the views here expressed, the instruction will not permit a recovery unless appellee's contributory negligence is of a less degree than the negligence of the railroad employees, in which event it will be proper, as the instruction directs, to 'diminish the amount of the verdict in proportion to such contributory negligence.'" Appellee's prayers for instruction Nos. 8 and 14, on the doctrine of comparative negligence, when taken together, certainly required the jury to find that appellee's negligence was less than that of

the appellant's before they were justified in returning a verdict in appellee's favor.

6. Counsel insists in the last place that the court erred in granting appellee's prayer for instruction No. 9, as follows: "If plaintiff was injured by the running of a railroad train at a public crossing, the law presumes that the injury was negligently done; but the railroad, to avoid liability for such injury, may show by a preponderance of the evidence that the injury was not the result of the negligence of the railroad." Appellant made only a general objection to the instruction, and, when read in connection with the other instructions which the court granted, submitting the issue as to contributory negligence, it cannot be said that the instruction is susceptible of the construction that it limited the appellant to proving the absence of negligence on its part. On the contrary, when the instructions are read together, it occurs to us that the court's charge plainly told the jury that contributory negligence on the part of the appellee was a complete defense to the action unless such contributory negligence was of a less degree than the negligence, if any, on the part of the appellant. Where persons or property are injured by the running of trains in this State, a presumption of negligence still obtains, notwithstanding the statutory doctrine of comparative negligence. See *Davis* v. *Scott*, 151 Ark. 34.

There being no reversible errors, the judgment is affirmed.