ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* HAYNES.

Opinion delivered April 30, 1928.

*E. T. Miller, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellant.

*Walter L. Pope* and *Tom W. Campbell,* for appellee.

McHANEY, J. Appellee received personal injuries and his wagon was destroyed on account of being struck by appellant's fast passenger train where the dirt road leading to appellee's house crosses the railroad track south of and near Bay, Craighead County, Arkansas. Appellee lived on a farm, his house being about 250 yards west of appellant's main line, on the inside of the field fence. East of the railroad, and parallel with it, running north and south, is the paved highway. To get to the highway, appellee had to cross the railroad tracks on the crossing above mentioned. This was a regular crossing for appellee and others desiring to get on the public highway across the tracks, and was at an angle of about 45 degrees with the railroad in a northeasterly direction from appellee's house, the railroad being elevated about ten feet above the surrounding land. The railroad was fenced at this point, and appellee had to pass through a gate to cross the tracks, and in driving from his home, traveling in a northeasterly direction to the paved highway, and while crossing the tracks, he was struck by appellant's train and injured, as aforesaid.

Some small houses were along the right-of-way, and appellee's view was obstructed to the south, the direction from which the train approached, but the view was open as he approached the track for quite a distance to the south. Appellee says he looked, but did not see the train, neither did he hear it. He testified that the statutory signals were not given as the train approached this crossing, either by ringing the bell or blowing the whistle, and in this he was corroborated by several other witnesses who saw the accident. He did not actually see the train, nor did he hear the whistle until it was almost upon him. The jury returned a verdict for $500.

It is first urged for a reversal of this case that, since appellee could have plainly seen and heard the train, he is presumed, as a matter of law, to have seen and heard it, and he cannot recover, regardless of whether the statutory signals were given. In other words, the gist of this contention is that appellee was negligent in going upon

the track without seeing what was plainly to be seen, and that he cannot recover, whether appellant was negligent or not in failing to give the statutory signals. We cannot agree with counsel in this contention. It is undisputed that he did not actually see the train. It is only insisted that, by the exercise of care for his own safety, by looking and listening, he could have seen the train. It was admitted in this case that appellee was negligent, that is, he was guilty of contributory negligence. Appellant cites several cases to support his contention in this regard, the latest of such cases being *Chicago, R. I. & P. Ry. Co.* v. *Batsel,* 100 Ark. 526, 140 S. W. 726, holding to the effect that the injured person would be deemed to have seen and heard the train where the undisputed evidence shows that, by looking and listening, he could have seen the train, and could not have failed to have seen it by the exercise of care in this regard, and that a recovery could not be had because the injured person would be guilty of contributory negligence as a matter of law. This and all the other cases cited by counsel were prior to the act of 1919, now § 8575, C. & M. Digest, which provides:

"In all suits against railroads, for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery, where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided that, where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence."

Under this section the court very properly instructed the jury that no recovery could be had for the damage to the wagon, which was destroyed in the accident, for the reason that the statute above quoted does not cover injuries to personal property, but only for personal injury or death. We cannot therefore say, under the circumstances of this case, and in view of the above sec-

tion of the statute, that appellee was guilty of such negligence as would bar him from maintaining this action.

It is next contended that the undisputed evidence shows that the statutory signals were given. We have examined the evidence carefully on this point, and find it to be in conflict. Four eye-witnesses, including appellee, testified that the signals were not given, or that they did not hear them. The fireman and engineer testified positively that they were given, and it is said that the witnesses for appellee do not say positively that the signals were not given, but only that they did not know, or that they did not hear them. We think the evidence is stronger than that, and is sufficient to take the case to the jury upon this point. As was said in *St. L. S. F. R. Co.* v. *Horn,* 168 Ark. 195, 269 S. W. 577: "The engineer and fireman both testified that the bell was kept ringing from the whistling post down to the crossing, and the engineer testified that the whistle was sounded again after passing the post and before reaching the crossing. But there is substantial testimony from which the jury might have found that there were no signals given, either by bell or whistle, after the whistle was sounded at the post. It is contended by learned counsel for appellant that the testimony on that point is merely negative, but we are of the opinion that the testimony is of more force than that. Witnesses testified that they did not hear the bell, and the jury might have found that the bell was not rung, otherwise the witnesses would have heard it."

It is next insisted that, although the signals were given, appellant was not required to give the statutory signals for this crossing, as it was a private crossing and not a public road crossing, and that, under the law, it was not required to give the signals at such crossing. The statute does not require the road crossing the railroad to be a public road. It requires the bell to be rung or the whistle blown "at the distance of at least 80 rods from the place where the said road shall cross any other road or street, and be kept ringing," etc. "Any other road"

means exactly what the statute says, any road which crosses the railroad tracks, whether the road be a public highway or not. The proof shows in this case that the road was used by any person desiring to pass through at this point in any kind of a vehicle, and that the crossing was a regular grade crossing. We think this such a crossing as requires appellant, under the statute, to give the prescribed signals.

Complaint is made of the giving of instructions 2, 3 and 5, and of the refusal to give instruction Nos. 3 and 10 requested by appellant. Instructions 2 and 3 given for appellee related to the giving of the signals, and were entirely proper instructions. No. 5 was the charge upon the comparative negligence statute above quoted, and was also entirely proper. No. 3 requested by appellant and refused by the court was that ''the evidence is not sufficient to sustain the allegations that the employees in charge of the train failed to blow the whistle or ring the bell, as required by law,'' but what we have said already disposes of this, as we think there was sufficient evidence to submit this question to the jury.

Requested instruction No. 10, which was refused by the court, was properly refused. It told the jury ''that the evidence of the engineer and fireman, when reasonable, and uncontradicted, cannot be arbitrarily disregarded by you.'' There are two reasons why the court properly refused this instruction; one is that the evidence of the engineer and fireman, as we have already seen, was not uncontradicted, and in such case it would be improper to single out certain testimony and give it prominence over other testimony.

It is finally submitted that the evidence is not sufficient to sustain the verdict; but what we have already said disposes of this assignment. The evidence was legally sufficient to take the case to a jury, and is sufficient to sustain a finding for or against appellant.

No error appearing, the judgment is affirmed.