MISSOURI PACIFIC RAILROAD COMPANY *v.* SANDIFUR.

Opinion delivered November 10, 1930.

*R. E. Wiley* and *E. W. Moorhead,* for appellant.

*Walter L. Brown* and *Gus W. Jones,* for appellee.

BUTLER, J. W. N. Sandifur, appellee, brought this action in the Union County Circuit Court for damages to his automobile and injury to himself caused by the operation of a train on appellant company's line of railroad at a street crossing in the city of El Dorado. From a verdict and judgment in favor of the appellee the appellant has appealed, and here asks for a reversal on the ground that the evidence is not legally sufficient to support the verdict and because of alleged error of the court in giving instruction No. 5 requested by the appellee. This instruction will be set out later in this opinion.

It is insisted by the appellant that there is no conflict in the evidence as to any failure on its part to perform its duty toward the public or the appellee, and that it was appellee's own contributory negligence which was the proximate cause of the accident. We however are of the opinion that there is a sharp conflict in the testimony with regard to both of these propositions, and in

order to reverse the case this court must invade the province of the jury.

At the point of the accident the main line of appellant's railway, and a number of its side tracks, cross the street in El Dorado. On one of these side tracks and about eight feet to the west of the main line and from fifteen to twenty-five feet north of the street there were two cars standing which had been placed there by the appellant company. Some of the witnesses described these cars as oil tank cars and others as box-cars. Just preceding the accident the appellee was traveling from the west to the east in an automobile, and, as he reached the crossing and was driving upon the main line track, his automobile was struck by a train consisting of a locomotive and four coaches which was being backed from north of the street down to and upon the crossing. At this crossing, because of the number of tracks and the number of cars that were from time to time left thereon and because of the amount of traffic along the street, the appellant company maintained a flagman whose duty it was to warn the traveling public of approaching trains. On the train in question there were five employees of the appellant company; the fireman, who was on the left or west of the cab of the locomotive as it was being backed to the south, and the engineer and three other employees who were on the right or east side of the train standing on the steps of the coaches on said east side, except of course the engineer. There were two employees on the last coach from the locomotive, one on the steps at the east side at the south end of the car and one on the steps on the same side of the car at the north end. All of these employees testified that the bell was ringing at the time the train was approaching the crossing, and that it continued to ring up until the time of the accident. The fireman did not testify that he was keeping a lookout, but the engineer and the three other employees testified that they were, and one, the switchman further from the locomotive and nearer the street, stated that the flagman was

standing in the middle of the street at the crossing with his signal raised in warning of the approaching train, and that, while the bell was ringing and the flagman standing at his proper place making the signals of warning, the appellee suddenly appeared and proceeded to drive in front of the moving train in spite of the efforts of appellant's employees to prevent him.

Another employee of the appellant company who was repairing a box-car on a side track west of the main line south of the street and only a short distance from the crossing corroborated the testimony of the train crew in every particular. This testimony was also corroborated in part by two persons not in the employ of the appellant company who were sitting on the edge of the sidewalk some 375 feet west of the scene of the accident. These two witnesses testified that they saw the flagman on the street with his signboard and another witness, one Justice, also testified that he saw the flagman waving his stop signal. This testimony, if undisputed, would be sufficient to warrant the contention of the appellant that its employees were not negligent, but that the injury to appellee was the result of his lack of ordinary care for his own safety. But this testimony is disputed, the appellee testifying that he was traveling along the street toward the east at about twelve miles an hour; that, as he approached the tracks, he looked both to the north and south and saw no moving train and continued to drive on his way looking in both directions until he got to a point where his vision to the north was obscured by the two cars standing on the side track north of the street and west of the railroad; that appellant generally had a flagman to stop traffic when trains were passing, and that such flagman was not at the crossing; that he was listening for signals and heard no whistle sounded or bell rung and assumed that the way was clear, and that his first intimation that the cars were being backed along the line was when they came from behind the two cars standing on the side track; that he immediately applied his brakes

and turned his car to the right in an effort to avoid the collision.

At this time a witness was about 100 feet to the west of the crossing walking on the street toward the east and in full view of the situation. This witness testified that he saw the train hit the appellee's car, but did not see the train or hear it until it came from behind the two cars standing on the side track; that he saw no flagman in the street and that he would have seen him had he been there; that he did not hear a whistle sounded or bell rung.

Another witness testified that he was about 225 feet away and saw the accident; that the cars on the side track obstructed the view of one going east, and that he did not see the train until it came back out into the street and did not hear any whistle blow or bell ring at the time; that he did not see any flagman in the street or any one on the back end off the coach.

Still another witness who was guarding some city prisoners and was on the same side of the railroad as the appellee and about 120 feet away testified that he heard no bell ring or whistle blow and did not see any flagman in the street at the time of the collision, or any one standing at the back end of the coach, and further stated that he thought he would have seen them if they had been there.

We think this testimony is in conflict with that testimony introduced on the part of the appellant, and, as the jury has accepted the statement of the appellee and his witnesses as true, so must we, and in determining the sufficiency of such testimony we must give to it its strongest probative value. Tested by this rule, we are of the opinion that it was sufficient to support the verdict. Our conclusion is supported by a number of decisions of this court. *Mo. Pac. Ry. Co.* v. *Robertson,* 169 Ark. 957, 278 S. W. 357; *St. L. S. F. R. Co.* v. *Haynes,* 177 Ark. 104, 5 S. W. (2d) 737; *St. L. S. F. R. Co.* v. *Horn,* 168 Ark. 191, 269 S. W. 576; *C. R. I. & P. Ry. Co.* v. *French,* 181 Ark. 777, 25 S. W. (2d) 1071.

■ Instruction No. 5, the giving of which is here assigned as error, is as follows: ''The court instructs you that where an automobile is struck upon a public crossing in this State by cars operated over the crossing by a railroad that the law presumes negligence upon the part of the railroad, and in this case, should you find that the plaintiff, while driving a car on Hillsboro Street in the city of El Dorado, Arkansas, was struck by cars moved over such street by the defendant, the law presumes that the resulting damage from such collision was due to negligence upon the part of the defendant. The defendant to avoid liability may show by preponderance of the evidence that the striking of such automobile was not the result of negligence upon the part of the railroad or that the plaintiff himself was guilty of negligence equal to or greater degree than that of the defendant.''

The appellant insists that the use of the word ''preponderance'' in the above instruction is error and to support this contention cites the case of *St. Louis, etc. Ry. Co.* v. *Cole,* 181 Ark. 780, 27 S. W. (2d) 992. We do not think the case cited supports appellant's view. In that case the court was not passing upon the correctness of the rule given the jury by which it might reach its conclusion, but upon the sufficiency of the evidence to support the conclusion reached. The rule complained of has been many times given by courts, and was expressly approved in the case of *Mo. Pac. Ry. Co.* v. *Robertson, supra.* Therefore, in the case at bar we are of the opinion that there was no error in instruction No. 5, *supra.*

■ It is insisted that the verdict is excessive. Appellee's car was entirely demolished, and he was dragged forty-five or fifty feet down the track and rescued from the wreckage by members of the train crew. His ear was cut, his right side injured, and he was confined to his home for about a week. In seven weeks he attempted to go to work, but was unable to do so. It was about five or six months before he was able to return to work when he found that he could not do the work he had been doing

on account of his nervous condition. He still suffers pain from his side and his right shoulder, and there is still a knot below the right shoulder which is sensitive. Appellee was a carpenter making $4 a day at the time of his injury, but he is not now able to work upon a building on account of his nervous condition. The automobile which was destroyed was worth from $175 to $200. The total verdict for injury to himself and damage to his car was the sum of $1,500. Appellee's loss of time and the value of his automobile, as figured by the appellant, is $872, leaving a balance of $628 allowed for his pain and suffering. We are unable to say that the injury was slight as is insisted by the appellant, or that the suffering and physical condition of the appellee resulting from the injury is inconsequential. Appellee was faced with imminent death as he was rolled down the track in his wrecked automobile, and the shock to his organism must have been most profound. Just what its consequences may be it is difficult to anticipate or determine. It is reasonable to assume that appellee's suffering and the shock to his nervous system must have been considerable, and we do not believe that the damages awarded were so excessive as to warrant this court in reducing the same.

The judgment is affirmed.

KIRBY, J., dissents.