HOVLEY v. ST. LOUIS-SAN FRANCISCO RY. CO.,
J. M. KURN, ET AL, TRUSTEES.

4-4515

Opinion delivered February 8, 1937.

*Cunningham & Cunningham,* for appellants.

*J. W. Jamison, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellees.

BUTLER, J. On the morning of June 14, 1935, Vincent E. Hovley, on a journey en route to his home in St. Louis, reached the town of Hoxie. He was traveling in an automobile on highway No. 67 and, just as he reached a crossing over the St. Louis-San Francisco Railway Company tracks he was struck by an east-bound passenger train and killed.

This action was instituted by the appellant, Margaret B. Hovley, widow of the deceased, in her own right and as next friend for Vincent E. Hovley, a minor son of deceased, against the appellees to recover damages for the injuries inflicted by the railroad. The trial resulted in a verdict for the appellees.

The questions of negligence submitted to the jury were the failure of the operatives of the train to keep a proper lookout, the failure to comply with the statutory requirements as to the giving of signals at the approach of crossings, and the excessive speed of the train. As to the questions of keeping a proper lookout and the excessive speed of the train there seems to have been no evidence to show that the lookout was not kept or that the train was being operated at an excessive rate of speed. On the question of failure to give the signals, however,

the evidence was in conflict. The appellee plead, as an affirmative defense, negligence on the part of the deceased of an equal or greater degree than the negligence, if any, on the part of the railroad employees operating the train. We think there is ample evidence on the questions of the giving of signals and the contributory negligence of the deceased to warrant the jury in finding that there was no negligence on the part of the railway employees in the giving of signals and that if there was such the deceased was himself guilty of negligence of an equal or greater degree than that of the railroad company, if any, in the operation of its train. We do not know upon what theory the jury based its verdict—whether it found that the employees of the railroad were in the exercise of ordinary care in the operation of the train, or whether they were negligent, but that the negligence of the deceased was equal to, or greater than, that of the employees of the railway.

This being the state of case, the correctness of the declarations of law relating to the negligence of the appellees and of the contributory negligence of the deceased become important, and, in view of the new trial, those declarations of law which are urged as error will be considered.

The first ground for error assigned and argued is that the trial court erroneously, by its instruction No. 3, placed the burden upon the plaintiff to establish by preponderance of the evidence the negligence of plaintiff's servants in the operation of the train. We think this assignment of error is well taken. The proof showed that the deceased was killed by the operation of the train and this fact, by reason of § 8562 of Crawford & Moses' Digest, places the burden upon the railroad to show care in the operation of its train. The cases cited by appellant recognize the rule of the statute.

The case of *Missouri Pacific Ry. Co.* v. *Sandifur,* 183 Ark. 196, 32 S. W. (2d) 316, in headnote No. 3, approves an instruction to the effect that where an automobile is struck upon a public crossing by a railway train the law presumes negligence, and the railroad company, to avoid

liability, may show by a preponderance of the evidence that the striking of such automobile was not the result of negligence on its part. See, also, *Missouri P. Rd. Co.* v. *Robertson,* 169 Ark. 957, 278 S. W. 357.

The case of *St. Louis-S. F. Ry. Co.* v. *Cole,* 181 Ark. 780, 27 S. W. (2d) 992, cited by appellee to sustain the instruction complained of is not in point. We noticed a similar contention in *Missouri Pacific Rd. Co.* v. *Sandifur, supra,* and referring to the Cole case, we said: "In that case the court was not passing upon the correctness of the rule given the jury by which it might reach its conclusion, but upon the sufficiency of the evidence to support the conclusion reached."

During the course of the trial, the court permitted the defendants (appellees) to introduce over the objection of appellants an ordinance of the town of Hoxie regulating the speed of automobiles in that town. This ordinance was properly introduced, but instruction No. 13 of which appellant complains based upon said ordinance, we think was improper. It, in effect, told the jury that one driving at a speed exceeding 25 miles per hour for a distance of one-eighth of a mile was *prima facie* operating his automobile at a rate of speed higher than was reasonable and proper, and that if the deceased met his death while driving at a rate of speed higher than 15 miles per hour, he was guilty of contributory negligence.

The rule is that the violation of a city ordinance relating to the rate of speed at which an automobile is driven is not *per se* negligence, but is only evidence of that fact to be considered with other evidence in determining the question of negligence. *Duckworth* v. *Stephens,* 182 Ark. 161, 30 S. W. (2d) 840, and cases therein cited.

Over the general and specific objection of appellants, the court gave instruction No. 9. This instruction relates to the necessity for trains to be equipped with bells and steam whistles, and to the manner in which they shall be rung or sounded. The part objected to is as follows: "* * * and the bell shall be kept ringing, or the whistle kept sounding at intervals until the train shall cross such

road, * * *." Specific objection was made to the phrase, "kept sounding at intervals." The trial court erred in not modifying the instruction upon the specific objection being made. Immediately following this instruction, the court did read to the jury the statute relating to the duty to ring or whistle at a crossing. This statute provides that the bell or whistle "shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road * * *." The instructions given the jury were conflicting as the statute read contradicts the instruction to which objection was made.

After the jury had been out some time it returned into court, and made inquiry as to whether the statute requiring the sounding of a whistle was sufficiently complied with by the sounding of a volatone or air whistle, which was the one shown by the evidence to have been sounded as the train approached the crossing where the accident occurred. Over the objection of appellant, the court instructed the jury that "the object of the bell and whistle is to give alarm to those who might be near or approaching the railroad track, and while the law says 'steam,' if it (the locomotive) is provided with a whistle which is operated by steam or air or both that would give an alarm equal to the steam whistle, that would serve the purpose of giving a steam or similar warning, and that would be a sufficient compliance with the statute." Some of the judges doubt the correctness of the instruction. There was testimony to the effect that a volatone or air whistle makes a sound similar to that made by the alarm used by many trucks and buses, and is different in quantity and quality to the sound of a steam whistle. Therefore, it might be, as suggested by appellant, that those approaching a crossing would not be attracted to an approaching train by the sound of an air whistle as they would by that of a steam whistle. We know there are some trains which are not operated by steam power and could not be equipped with a steam whistle. As to this kind of train the statute might not apply, and it might probably be sufficient if such trains were equipped

with a device reasonably sufficient to give alarm to its approach. While the instruction given relating to the volatone might not be prejudicial error—a question we find it unnecessary to decide—we think it unnecessary in this case.

Another question asked of the court by the jury related to the requirements of the law for the erection of signs at railroad crossings. The court, over the objection of the appellant, stated that the law required no particular character of sign, but only such as would give reasonable notice to persons approaching the crossings. We think the court correctly answered the juror's question. Act No. 255 of the Acts of 1925 provides that in cities and incorporated towns the city or town officials shall designate such crossings as are deemed hazardous within the limits of the city or town, (§ 8488b, Castle's 1927 Supplement to C. & M.'s Dig.) and thereupon the railway companies shall, at such crossings as are deemed hazardous, place on both sides of the track a stop sign or warning giving notice that such crossing is hazardous, etc. (§ 8488c, ib.).

For the errors above noted the judgment of the trial court is reversed, and the cause is remanded for a new trial.