St. Louis-San Francisco Railroad Company *v.* Hovley.

4-5154                                              120 S. W. 2d 14.

Opinion delivered October 3, 1938.

*J. W. Jamison, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellants.

*Cunningham & Cunningham* and *Arthur L. Adams,* for appellees.

Humphreys, J.   This is the second appeal in this case and the transcript herein was filed by the clerk of this court on April 14, 1938, which was more than six months after the rendition of the judgments according to the date of the judgments shown in the transcript.

On motion by appellees to dismiss the case for that reason time was given appellants to present a motion to the trial court for a *nunc pro tunc* order showing that the judgments were rendered on November 29, 1937, instead of October 5, 1937. The motion for a *nunc pro tunc* order was presented and tried by the trial court on the 14th day of May, 1938, upon oral and documentary testimony which resulted in a finding of the court that as a matter of fact the judgments in favor of appellees were rendered on November 29, 1937, instead of October 5, 1937, and based upon the finding, the trial court ordered and adjudged that the clerk of his court correct said judgments to show that they were rendered on November 29, 1937.

From that finding and order an appeal has been duly prosecuted to this court and is the first question presented for determination. We said in the case of *Dickey* v. *Clark*, 192 Ark. 67, 90 S. W. 2d 236, that:

"The purpose of a *nunc pro tunc* order is to make the record reflect the transaction which actually occurred, and which is not reflected by the record because of inadvertence or mistake. Its province cannot be extended to make the record show what ought to have been done. In *nunc pro tunc* proceedings the record may be corrected or made to speak the truth upon parol testimony alone, but the evidence thus established should be decisive and unequivocal." Citing *Midyett* v. *Kerby*, 129 Ark. 301, 195 S. W. 674; *Tipton* v. *Phillips*, 176 Ark. 308, 4 S. W. 2d 507; *Tracy* v. *Tracy*, 184 Ark. 832, 43 S. W. 2d 539.

In this case the judge who rendered the original judgments was the same judge who made the correction therein as to the date they were rendered and the time between the rendition of the judgments and the time at which he corrected them was not very long. His statement then as to what date he rendered the judgments must necessarily have much weight with this court and giving his statement the weight which it deserves we think it may be said that the evidence on which the judgments were actually rendered comes within the rule

announced above. Error was, therefore, not committed in amending the record to speak the truth.

As above stated this is the second appeal in this case and for a statement thereof reference is made to the opinion handed down on the first appeal and which is reported under the style of *Hovley* v. *St. Louis-San Francisco Ry. Co., J. M. Kurn, et al., Trustees,* 193 Ark. 580, 102 S. W. 2d 845. On the first appeal the judgment in favor of appellants herein was reversed and remanded for a new trial because the trial court erroneously instructed the jury in instruction No. 3 that the burden rested upon appellees herein to establish by a preponderance of the evidence the negligence of the servants of appellants herein in the operation of the train, and because the trial court erroneously instructed the jury in instruction No. 13 as to the effect of an ordinance of Hoxie regulating the speed of automobiles in that town, and because the trial court refused to strike out of instruction No. 9 the words "kept sounding at intervals," referring to signals. Appellants contend that there is no material difference between the evidence introduced in the first and second trials of the cause and that the law as declared on the first appeal is the law of the case on this appeal, and for this reason the trial court should have peremptorily instructed a verdict for them. This court said on the first appeal that: "As to the questions of keeping a proper lookout and the excessive speed of the train there seems to have been no evidence to show that the lookout was not kept or that the train was being operated at an excessive rate of speed."

On the second trial, no evidence was introduced to show that a proper lookout was not kept nor that the train was being operated at an excessive rate of speed; so, under the law of the case, the trial court erred in submitting those two allegations of negligence to the jury for determination in its instruction No. 1.

This court also said on the first appeal that the evidence was in conflict as to the alleged act of negligence for failing to give the statutory signals in approaching the crossing. This was, in effect, saying that it was proper to submit that issue of alleged negligence to the

jury under correct instructions. This court on first appeal ruled, however, that it was submitted under erroneous instructions and for that reason reversed the judgment and remanded the case for a new trial. The very purpose of reversing the judgment and remanding the case for a new trial was to submit this issue of alleged negligence to the jury because the evidence relating thereto was conflicting and, of course, any other alleged act or acts of negligence if the evidence relating to them on a new trial should be conflicting. If this had not been the purpose of the reversal of the judgment and the remand of the cause for a new trial, this court would have dismissed the cause of action on the former appeal. This purpose cannot be frustrated by invoking the rule of the law of the case. Furthermore, the record on this appeal reflects that additional evidence was introduced which was material relating to the alleged negligence in failing to give the statutory signals required in approaching a crossing.

On the retrial of the cause there was no evidence to support an instruction under the doctrine of discovered peril. The court did give an instruction on the law relative to discovered peril and in doing so committed reversible error as the instruction was abstract.

Appellants also complain that the court should have given their requested instruction No. 4 to the effect that they could not be charged with negligence on account of the buildings and billboards standing north of the highway as they had not erected them and as they were not on their right-of-way. In other words they should not be charged with negligence merely because the billboards and buildings were there. This would be a correct declaration of law if they had not requested in the same instruction that the court tell the jury that the buildings and billboards being there required Hovley (deceased) to use greater caution for his own safety in approaching the crossing. The instruction requested was erroneous in this respect and it was the duty of appellants to have asked a correct instruction before the court would be required to give it.

On account of the errors indicated the judgments are reversed, and the cause is remanded for a new trial.