MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, v. DALBY.

4-5588 132 S. W. 2d 646

Opinion delivered October 30, 1939.

*R. E. Wiley* and *E. W. Moorhead,* for appellant.

*L. B. Smead* and *Rowell, Rowell & Dickey,* for appellees.

HUMPHREYS, J. Appellees brought separate suits in the circuit court of Ouachita county for $3,000 each against appellant to recover damages for personal injuries received by each in a collision between the automobile in which they were riding and appellant's passenger train on the Main street crossing with Fourth avenue in Pine Bluff, Arkansas, at about 4:30 o'clock, a. m., on September 18, 1936, through the alleged negligent operation of said train by its agents, servants and employees in failing to give signals as it approached the crossing and in operating same at an excessive rate of speed, with headlights dimmed so that it could not be seen by travelers approaching the crossing and by shutting off the power and coasting toward the crossing so that it could not be heard by the traveling public approaching the crossing.

Appellant filed an answer to each complaint denying the allegations of negligence and pleading as a complete defense that the sole proximate cause of the collision was due to appellee's failure to exercise ordinary care in driving upon the railroad track at a time and place when they could have seen the approaching train.

The causes were consolidated for purposes of trial and were submitted to a jury upon the testimony introduced by the parties and instructions of the court, which resulted in a verdict in favor of Nick Newton for $3,000 and in favor of Truman Dalby for $1,000, from which verdicts and consequent judgments rendered thereon an appeal has been duly prosecuted to this court.

There was substantial evidence introduced tending to support the allegations of negligence contained in appellees' complaints against appellant, and also some substantial evidence was introduced by appellant tending to

show that it was not negligent in approaching the crossing.

In view of this conflict in the evidence, the court should have submitted the issue of negligence to the jury on the evidence pro and con without any reference to the statutory presumption of negligence. The *prima facie* presumption of negligence arising under § 11138 of Pope's Digest passed out of the case when the railroad company introduced some substantial evidence tending to show it was not negligent in approaching the crossing. When such evidence was introduced by the railroad company it was improper to submit to the jury the question of whether the statutory presumption of negligence arising from the injuries or damage done by the running train was overcome by competent evidence. Instead of eliminating that issue the trial court gave instruction No. 2 requested by appellees as follows:

"You are instructed that under the laws of Arkansas, in any cause of action against a railroad company, arising from injuries or damages done or received by the running of a train, there is a presumption of law that the defendant railroad company, its agents, servants and employees were guilty of negligence and there is thereby placed upon said defendant railroad company the burden of overcoming said presumption of negligence by competent evidence. This presumption is not evidence and does not take the place of evidence and must not be considered by you as a part of the evidence in the case. This presumption merely constitutes a temporary burden on the defendant which passes out of the case upon the introduction of competent testimony explaining the facts in issue."

The substance of the first part of instruction No. 2 was to the same effect as instruction No. 1 given by the trial court in the case of *Missouri Pacific Railroad Co.* v. *Beard, Admr.,* 198 Ark. 346, 128 S. W. 2d 697, the only difference being that instruction No. 2 given in the instant case was not a binding instruction whereas instruction No. 1 given in the Beard Case, *supra,* was a binding instruction. This court ruled in the Beard Case that the statutory presumption of negligence applicable to rail-

roads disappears or vanishes when evidence has been introduced by a railroad company contradicting the alleged negligence against it.

In the latter part of instruction No. 2 in the instant case the court did say in effect that the statutory presumption of negligence was not to be regarded as a part of the evidence by them in determining the issue of negligence, but we doubt in so doing whether the misleading effect in the first part of the instruction was removed. Since this instruction was not a binding instruction we would not reverse for this defect alone which we think might have misled the jury.

We find, however, that the court gave instruction No. 4 at the request of appellees, which is as follows:

"You are instructed that if you find from a preponderance of the evidence in this case that the agents, servants and employees of the defendant railroad company when within a city block of the public crossing in question shut off the power, dimmed the headlights of the engine and coasted over said crossing, striking the truck in which plaintiffs were riding and that said train was then and there moving at a rate of speed in excess of twenty miles per hour; and that by said conduct, if you find from a preponderance of the evidence that the agents, servants and employees were guilty of such conduct, such agents, servants and employees thereby failed to exercise ordinary care for the safety of travelers upon said crossing, you should find for the plaintiffs; unless you find plaintiffs were guilty of contributory negligence, in which event, the recovery as to the plaintiffs or plaintiff so affected shall be diminished in proportion to such contributory negligence, unless you should further find that the negligence of such plaintiff in question was of as great a degree as that of the defendant, if you find it was negligent, in which event your verdict should be for the defendant."

This instruction was a binding instruction and in effect told the jury that should they find that the train approaching the crossing was doing so at a speed in excess of twenty miles an hour they should find in favor of appellees and against appellant. There was a city or-

dinance in force at the time of the collision restricting the speed of trains in the city of Pine Bluff to twenty miles an hour. It was agreed in the course of the trial that the ordinance was in force and effect.

This court said in the case of *Hovley* v. *San-Francisco Ry. Co.*, 193 Ark. 580, 102 S. W. 2d 845, in citing *Duckworth* v. *Stephens,* 182 Ark. 161, 30 S. W. 2d 840, that: "The rule is that the violation of a city ordinance relating to the rate of speed at which an automobile is driven is not *per se* negligence, but is only evidence of that fact to be considered with other evidence in determining the question of negligence."

Applying the rule thus announced instruction No. 4 was inherently wrong and in giving it the court committed reversible error.

After a careful reading of the testimony we are unable to agree with appellant's contention that the undisputed evidence reflects that appellees were guilty of contributory negligence which was the sole proximate cause of the collision and resulting injuries. There is a sharp conflict in the testimony on the issue of contributory negligence on the part of appellees.

We think it best not to discuss the evidence bearing upon the issue of contributory negligence as it might not be the same in the new trial of the cause and for that reason refrain from doing so.

In view of the fact that it will be tried again it is unnecessary to discuss the question of whether the judgments rendered were excessive.

On account of the error indicated the judgments are reversed and the causes are remanded for a new trial.