RAILWAY COMPANY *v.* KELTON.

Decided February 27, 1892.

*Master and servant—Defective appliances—Contributory negligence.*

> In an action by a house-painter to recover damages for an injury occasioned
> by a fall from a defective ladder furnished by his employer, he is not en-
> titled to recover if, knowing that the ladder could not be used with any
> assurance of safety, he continued to use it until the injury occurred, rely-
> ing upon his employer's promise to furnish a safe ladder.

APPEAL from *Lafayette* Circuit Court.

CHARLES E. MITCHEL, Judge.

Charles H. Kelton, a painter in the employ of the St.
Louis, Arkansas & Texas Railway Company, brought suit
to recover damages for an injury by a fall from a defective
ladder.

Plaintiff's testimony was to the effect that he was injured
while painting the wall of a depot house for defendant com-
pany; that the ladder which was furnished to him about
March 1, 1888, was brittle and would not hold nails; that
he made complaint between the 5th and 10th of March fol-
lowing to his immediate superior, who promised to furnish
him a safe ladder; that he continued to use the defective
ladder until the injury occurred on the 30th of April follow-
ing.

Defendant's testimony tended to establish that the ladder
was safe, and that plaintiff was injured in some other man-
ner. There was a verdict and judgment for plaintiff for
the sum of $7000. Defendant has appealed.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. If appellee and his witnesses are to be believed, he
knew the defective condition of the ladder, and, so knowing,
used it, and hence assumed the risk. 46 Ark., 368; 18 A.
& E. R. Cas., 35; 31 *id.*, 272; 48 Ark., 333; 100 U. S., 213;
15 S. W. Rep., 831.

2. If appellant's witnesses told the truth, the ladder was

not defective, and plaintiff was not injured thereby.    39 A.
& E. R. Cas., 363.

*Scott & Jones* for appellee.

1.   Remaining in the service after knowledge of the danger, and relying upon a promise of the master to remedy defects, is not an assumption of the hazard and risk, unless the danger is so imminent and obvious as to impute negligence.   Wood on Master & S. (2d ed.), secs. 360, 378, 380.

PER CURIAM.    If the testimony of the appellee and of his supporting witnesses is true as to the condition of the ladder (a fall from which, according to his claim, caused his injury), he knew that it could not be used with any assurance of safety, and he assumed the risk of its use.

The promise on the part of the employer to furnish a better ladder would not justify the employee in looking to his employer for compensation for damages which he sustained by wantonly and recklessly encountering the danger which he knew necessarily attended the use of the old ladder.

If the statements of the opposing witnesses are true, the ladder was not defective, and the appellee did not receive his injury by a fall from it.

Upon no theory is the verdict sustained by the evidence. Reverse the judgment.