ROYAL *v.* WHITE OIL CORPORATION.

Opinion delivered October 22, 1923.

1. MASTER AND SERVANT—SAFE TOOLS—COMMON TOOLS.—The duty of a master to exercise ordinary care to provide reasonably safe tools and appliances for his servant has no application where the tools are common tools in ordinary use, and the servant possesses ordinary intelligence and knowledge of their use and construction.

2. MASTER AND SERVANT—COMMON TOOLS—LIABILITY OF MASTER.— Where an experienced pumper employed to keep certain tanks filled with water was injured by falling from a plank placed without fastening against a tank with one end stuck in the ground, its condition being visible to any one of ordinary intelligence, and it having been used by him in that condition for 38 days, *held* that the plank was a common tool, and that the court properly directed a verdict for the defendant.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*J. M. Carter* and *B. E. Carter,* for appellant.

*Mahoney & Yocum* and *Jas. D. Head,* for appellee.

HART, J. This is an action by William L. Royal against the White Oil Corporation to recover damages for personal injuries received in consequence of the slipping of a plank on which the plaintiff was standing while engaged in looking in a water tank to see if it was full of water.

.. William L. Royal was employed by the White Oil Corporation to keep certain tanks full of water, and was hurt while in the discharge of his duties. He was employed by the defendant's superintendent on the first day of June, 1922, as a pumper, and was directed to take charge of one shift of the pumping which lasted from midnight until noon the next day. Royal had had six years' experience in working in oil fields, and had worked as a pumper for three of them. One of the employees was directed to show Royal the various wells, and this employee showed him the different tanks which he was expected to pump full of water. One of the tanks had a board 2 x 6 and between 4 and 7 feet long leaning against the tank. One end of this board or plank was stuck into the ground, and the other end leaned against the side of the tank. It was placed against the side of the tank to enable the pumper to climb upon it and see if the tank was full of water. Royal was injured by climbing on this board to see if the tank was full of water. The board turned with him after he got up on it, and this threw him to the ground and injured him. Royal had been at work continuously as a pumper for 38 consecutive days at the time he was hurt. He had not noticed that the board in question was not fastened to the side of the tank, and thought it was nailed to it.

The court directed a verdict for the defendant, and the plaintiff has appealed to this court.

The duty of the master to exercise ordinary care to provide reasonably safe tools and appliances for his servants has no application where the tools are common tools in ordinary use and the servant possesses ordinary intelligence and knowledge of their use and construction. *Railway Company* v. *Kelton,* 55 Ark. 483; *Marcum* v. *Three States Lbr. Co.,* 88 Ark. 28, and *Fordyce Lumber Co.* v. *Lynn,* 108 Ark. 377.

In the application of the rule to the facts of the present case, we think the court was right in holding that the defendant was not liable for the injuries received by

the plaintiff. The plaintiff had worked in the oil fields for six years, and for three of them as a pumper. He admits that he knew that the board or plank was placed against the side of the tank to enable him to climb up on it to see when the tank was full of water. He also admits that he noticed that one end of the plank had been stuck into the ground, but said that he did not know that the other end was not fastened, but thought that it had been nailed or fastened to the tank. He had worked for 38 days before he was injured, and his experience was such that he will be considered, as a matter of law, to have noticed that the upper end of the plank was not fastened to the tank. He had used it for 38 days, and its condition was visible and patent to any one of ordinary intelligence who might use it.

The defendant cannot be said to have been guilty of negligence, under the circumstances, and the court was right in directing a verdict for it.

It follows that the judgment will be affirmed.