NATURAL GAS & FUEL COMPANY v. LYLES.

Opinion delivered May 23, 1927.

1. CORPORATIONS—SERVICE OF PROCESS ON FOREIGN CORPORATIONS.—Crawford & Moses' Dig., § 1829, providing that service of process on an agent of a corporation anywhere within the State shall be sufficient to give any court jurisdiction, held not unconstitutional.

2. MASTER AND SERVANT—SIMPLE APPLIANCE DOCTRINE.—The rule that a servant cannot recover for injuries growing out of the use of simple appliances does not apply where a servant was injured while using a jack and jack-bar in threading the pipe in a pipe line used for conveying gas in an oil field.

3. MASTER AND SERVANT—INSTRUCTION AS TO FURNISHING SAFE PLACE.—An intruction that it was the duty of an employer to exercise reasonable care in furnishing his employee a reasonably safe place in which to work, and safe tools with which to work, instead

of reasonably safe tools, *held* not erroneous as imposing on employer too high a degree of care.

4. MASTER AND SERVANT—INSTRUCTION AS TO EXERCISE CARE.— In a suit by an employee for personal injuries an instruction that, if dangerous condition is not apparent to the employee, and would not have been discovered by him in the exercise of reasonable care for his own safety, instead of ordinary care, the employer was negligent, *held* not reversible error.

5. TRIAL—INSTRUCTION EXCLUDING DEFENSES.—In a suit by an employee for personal injuries, an instruction that the jury should render a verdict for the employee, if they found the employer guilty of negligent acts detailed in instruction, *held* erroneous, as excluding the defenses of contributory negligence and assumed risk.

6. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE—INSTRUCTION.—An instruction imposing the duty on an employer to furnish the employee a safe place in which to work, *held* erroneous, as the law imposes only the duty to exercise ordinary care to provide a reasonably safe place for an employee to work.

7. TRIAL—ERROR IN INSTRUCTION NOT CURED WHEN.—The omission in instructions to take into account the employer's defenses of contributory negligence and assumed risk *held* not cured by other instructions with reference to those defenses.

Appeal from Perry Circuit Court; *Robert L. Rogers,* Special Judge; reversed.

*John M. Shackleford* and *Buzbee, Pugh & Harrison,* for appellant.

*J. H. Bowen* and *Owens & Ehrman,* for appellee.

HUMPHREYS, J. This suit was brought in Perry County, Arkansas, by appellee against appellant, upon service procured in Union County, Arkansas, under § .1829 of Crawford & Moses' Digest. A motion was made by appellant to quash the service upon the ground that said section of the statute was void as being repugnant to the 14th Amendment to the Constitution of the United States. The validity of the statute in question has been sustained by this court in the case of *Power Manufacturing Company* v. *Saunders,* 169 Ark. 748, 276 S. W. 599. We adhere to our views announced in that case.

The purpose of the suit was to recover $3,000 damages for personal injuries received by appellee on the

10th day of December, 1925, through the alleged negligence of appellant while engaged in its employment as a laborer. It was alleged in the complaint that, at the time of the injury, appellee was working for appellant in the oil fields, and, on the day of the injury, was working under the direct supervision of its foreman, C. W. Watson; that they were engaged in connecting a broken pipe line used for the purpose of conveying gas from the field to the main plant; that, just immediately prior to the time the injury occurred, appellee and one of the other men were finishing putting up a jack about 90 or 100 feet away from the place where the injury occurred; that appellant's foreman, Watson, and one of the other men raised the pipe up on the jack and jack-bar preparatory for appellee and a fellow-servant to cut the dies in order that the same could be put together, and said foreman, upon the pipe being raised, told appellee to hurry up and thread the pipe, as the plant was down, and that everything was ready for him to begin; that appellant, through its foreman, negligently and carelessly set up the jack and jack-bar in that it was in a crooked position, not braced, which left it in an unbalanced condition, and that the weight resting upon it by virtue of the pipe caused it to fall on appellee when he went to cut the die, and that this constituted negligence on the part of the company. The complaint contained a prayer for $3,000 damages on account of the personal injuries received.

Appellant filed an answer to the complaint, denying the material allegations as to injuries and damages, and pleaded as affirmative defenses assumed risk and contributory negligence on the part of appellee.

The cause was submitted upon the pleadings, the testimony adduced by the respective parties and the instructions of the court, which resulted in a judgment in favor of appellee for $3,000, from which is this appeal.

A miniature model of the jack, jack-bar and the pipe line was introduced in evidence, and it and the use thereof were described and explained by the witnesses. When in

use, it sits in an upright position, and is about eighteen or twenty inches wide at the bottom and two inches thick. The jack-bar is notched in order to afford a resting place for the jack. The jack has iron pins extending through it about one inch in diameter. At the bottom of the jack there is a bolt in which there. is supposed to be placed a block in order to brace it with the jack-bar. When placed on the ground for use, the jack rests on the jack-bar where it is notched, and the other end of the jack-bar rests on the ground at an angle so that the short pins on the jack extend over the jack-bar, while the bottom of the jack rests at the desired stop on the jack-bar. The pipe is then placed on the jack, and one of the pins which extends upward from this position forms a groove in which the pipe firmly rests while being threaded with a die in order to connect same. The pins clear the bar and make a firm structure to hold the pipe.

Appellee testified that, when he was injured, the pipe was resting on a third pin, and was about three and one-half feet from the ground; that the notches on the jack-bar were parallel with the pipe on which he was undertaking to cut the threads; that the jack was not setting squarely with the jack-bar, and was put up in a crooked manner; that same was not noticed by him until after he had touched the die handle; that Watson, the foreman, had told him to hurry and cut the die threads on the pipe, and that when he went around the pipe with his tools to approach same from the front, without noticing its being improperly set up, immediately upon touching it it fell, thereby injuring him.

The testimony introduced by appellee tended to support the allegations contained in the complaint, and that introduced by appellant tended to disprove negligence on its part, and contributory negligence and assumption of risk on the part of appellee.

Appellant's first contention for a reversal of the judgment is that no liability was shown to exist against it because the undisputed testimony disclosed that the tool

or appliance complained of and the method of using it was extremely simple. In other words, appellant invoked as a defense to the cause of action the rule of non-liability for injuries growing out of the use of "simple appliances" or tools, as expressed by this court in many cases in the following language:

"The duty of the master to exercise ordinary care to provide reasonably safe tools and appliances for his servants has no application where the tools are common tools in ordinary use and the servant possesses ordinary intelligence and knowledge of their use and construction." *Royal* v. *White Oil Corporation,* 160 Ark. 467, 254 S. W. 819; *Railway Co.* v. *Kelton,* 55 Ark. 483, 18 S. W. 933; and *Fordyce Lumber Co.* v. *Lynn,* 108 Ark. 377, 158 S. W. 501, 47 L. R. A. (N. S.) 270.

The inspection of the miniature model, made an exhibit in the evidence, the description thereof and method of using same, did not bring it within the "simple appliance" doctrine.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction number 1, which is as follows:

"You are instructed that it was the duty of the defendant company to exercise reasonable care in furnishing the plaintiff a reasonably safe place in which to work and safe tools with which to work, and if you find from the evidence in this case that the pipe, when jacked up on the jack-board and jack, was not securely fastened, which would have been discovered by the employer in the exercise of ordinary care, and if you find that such defective or dangerous condition was not apparent to the plaintiff and would not have been discovered by him in the exercise of reasonable care for his own safety, and if you further find that the plaintiff suffered an injury on account of such alleged defective manner in which said pipe was laid upon said jack and jack-board, then you are told that the defendant was guilty of negligence, and your verdict will be for the plaintiff."

The instruction is assailed because the word "reasonable" is used instead of the word "ordinary" to modify the word "care," and to the use of the phrase "safe tools" instead of the phrase "reasonably safe tools." The use of the word "ordinary" would be preferable, but the difference in meaning in the connection used is so slight that the use of the word "reasonable" does not constitute reversible error. *Wisconsin & Arkansas Lumber Co.* v. *Standridge,* 132 Ark. 535, 201 S. W. 295. Reading the first part of the instruction in connection with "safe tools," "reasonably" is necessarily implied before the phrase "safe tools," as the two parts of the instruction are conjunctively connected. We do not think the instruction imposes upon appellant a higher degree of care than the law imposes upon it. The instruction, however, is erroneous because it told the jury that they should render a verdict in favor of appellee if they found appellant guilty of the negligent act detailed in the instruction. The effect of this was to exclude appellant's defenses of contributory negligence and the assumption of the risk, if they should find that appellee was guilty of either.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction number 2 at the request of appellee, which is as follows:

"You are instructed that it was the duty of the defendant to furnish the plaintiff a safe place in which to perform his duties, and if you find from the evidence that the foreman of the defendant company raised the pipe from the ground at the place where it was to be repaired, or had it done, and affixed same upon the jack and jackboard in a position where plaintiff could get to it, and that, after doing so, notified said plaintiff to go to work on it as quickly as possible, that it was all ready for them to begin work, you are instructed that the plaintiff had a right to assume that the defendant had fixed the pipe in a secure manner, so that it would be safe for him to proceed to work thereon, and if you find from the testimony

that the defendant had not fastened said pipe in a safe and secure manner, and that the failure thereof was not known to this plaintiff, nor, in the exercise of ordinary care, would have been discovered by him, then the defendant will be guilty of negligence, and your verdict will be for the plaintiff.''

The instruction is assailed because it imposed the duty upon appellant to furnish appellee a safe place in which to perform his duty. The instruction was inherently defective on this account. The law only imposed the duty upon appellant to exercise ordinary care to provide a reasonably safe place for appellee to perform his duty. Instructions numbers 1 and 2 are in open conflict in this particular. Instruction number 2 is also inherently defective because it omitted to take into account the defenses tendered by appellant of contributory negligence and the assumption of risk by appellee. The question of whether appellee assumed the risk or was guilty of contributory negligence was a disputed question of fact under the evidence and a question for determination by the jury. The defect with reference to the omission of appellant's defenses in the two instructions mentioned above ran through all of the instructions given by the court at the request of appellee, and should be corrected so as to recognize these two defenses on a retrial of the cause.

Appellee contends that the omission in the two instructions to take into account appellant's defenses of contributory negligence and the assumption of the risk by appellee was cured by instructions numbers 2 and 4 requested by appellant and given by the court. Number 2 related to contributory negligence and number 4 to the assumption of the risk, and would have cured the defect, had the court not told the jury in both cases to render a verdict in favor of appellee in case they found that appellant was guilty of negligence as alleged. This declaration on the part of the court created a conflict between the two instructions given at the request of appellee and

instructions 2 and 4 given at the request of appellant. *Southern Anthracite Co.* v. *Bowen,* 93 Ark. 140, 151-152, 124 S. W. 1048.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.