VAUGHN *v.* HERRING.

4-4939

Opinion delivered February 14, 1938.

*Boyd Tackett* and *Tom Kidd,* for appellants.

*George R. Steel,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment against appellants for $5,000, obtained in the circuit court of Pike county for an injury received by appellee in a collision between his half-ton truck and a ton-and-a-half truck which was being driven by one of the appel-

lants, Herman Vaughn, on September 4, 1936, at a point on highway 70 about one mile west of Glenwood.

Appellee alleged that O. W. Vaughn, one of the appellants, owned the ton-and-a-half truck, which ran into his truck causing his injury, through the negligent operation thereof by Herman Vaughn and Gilbert Vaughn, both of whom were made parties defendant in the action on the theory that they were employees of O. W. Vaughn.

Appellants filed answers denying any negligence on their part in operating the ton-and-a-half truck, and interposed the defense that the collision occurred through the negligent operation by appellee of his own truck.

O. W. Vaughn also denied that he owned any interest in the truck which was being driven by Herman Vaughn, stating that the sole owner thereof was Gilbert Vaughn who was at the time of the collision riding in the truck.

The issues as to whether the proximate cause of the injury resulted from the negligent operation of the large truck, or whether from the negligent operation of appellee's truck, and whether O. W. Vaughn or Gilbert Vaughn owned the truck, were submitted to the jury under instructions given by the court, and no contention is made on this appeal that the finding of the jury on the issues of negligence and contributory negligence are not supported by substantial evidence.

Contention is made, however, that no substantial evidence appears in the record to support the finding of the jury to the effect that O. W. Vaughn was the owner of the truck at the time of the collision.

Contention is also made that instructions Nos. 1, 3 and 6 given by the court are inherently erroneous and that the court committed reversible error in giving them. It is, therefore, unnecessary on this appeal to set out the testimony responsive to the issues of negligence and contributory negligence.

The substance of the evidence responsive to the issue of whether O. W. Vaughn was the owner of the truck being driven by Herman Vaughn is as follows:

The record reflects that O. W. Vaughn had been the owner of a chain of stores in southwest Arkansas and the owner of a fleet of peddling trucks plying between the stores and the rural territory surrounding them since 1933 for the purpose of selling and delivery of goods, buying produce, poultry, etc., in the operation of the several stores.

Three witnesses testified that the truck that ran into appellee's truck had "O. W. Vaughn" painted in large letters on each side of the large truck.

The record also reflects that at the time of the collision the license to operate the large truck was in the name of O. W. Vaughn and that no transfer of the license to operate same had ever been made to any other person.

The testimony also shows that some days after the collision the initials on each side of the truck were changed from "O. W." to "G. T."

O. W. Vaughn testified that on August 17, 1936, he sold the truck in question, and all the accounts due him on the route, to his cousin, G. T. Vaughn, for $790, $30 cash and balance to be paid in weekly instalments of $15 each, and that his cousin continued to operate same and at the time he was testifying that his cousin had paid him in full for the truck out of the money he made peddling and out of the collection of the accounts. He testified that he sold his cousin goods out of the stores either for cash or on short time and that he bought the products his cousin bought or traded for from him. Gilbert T. Vaughn testified to the same effect and introduced a bill of sale for the truck executed to him by O. W. Vaughn on August 17, 1936, which bill of sale was prepared by Boyd Tackett who was O. W. Vaughn's lawyer.

Boyd Tackett testified that he prepared the bill of sale.

The testimony also shows that some days after the collision the initials on each side of the truck were changed from "O. W." to "G. T."

Herman Vaughn testified that he began to work for Gilbert T. Vaughn on August 17, 1936, and was working

for him and driving the truck when the collision occurred.

We think that the circumstances appearing in the evidence to the effect that O. W. Vaughn's name was on each side of the truck at the time of the collision and that the license to operate same was not transferred from him to Gilbert Vaughn, and that the truck was to be paid for at the rate of $15 a week out of the accounts due O. W. Vaughn on the old route and that only $30 was paid in cash on a sale amounting to $790 and that the sale was made to a kinsman in connection with other testimony, were sufficient to warrant the court in submitting the issue to the jury as to whether O. W. Vaughn owned the truck at the time of the collision and that these circumstances are sufficient substantial testimony to support the verdict. The court submitted this issue to the jury in two instructions requested by appellants which instructions are as follows:

"If you find from the evidence that O. W. Vaughn had sold the truck to Gilbert Vaughn in good faith and that Herman Vaughn and Gilbert Vaughn were operating the truck on the highway at the time of the alleged injury your verdict will be for O. W. Vaughn."

"You are instructed that the plaintiff must prove by a preponderance of the evidence that Herman Vaughn and Gilbert Vaughn were the agents and servants of O. W. Vaughn and if the plaintiff fails to meet this proof then your verdict will be for O. W. Vaughn."

Appellants contend that the judgment must be reversed because the court committed reversible error in giving instructions Nos. 1, 3 and 6 because each of them told the jury that if they found certain facts relative to negligence on the part of appellants they should find for appellee, and wholly and entirely ignored the defense interposed by appellants that appellee was guilty of contributory negligence. Each of the instructions is long and we deem it unnecessary to set them out, but to simply state that each of them left to the jury the determination of the appellants' conduct as the sole issue of the

jury's verdict and made no reference whatever to the defense interposed that appellee himself was guilty of contributory negligence which was the proximate cause of his injury, and then said that in that event you will find for appellee. It is true that other instructions were given by the court relative to the issue of contributory negligence on the part of appellee, but they did not have the effect of curing the error.

This court said in the case of *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. 2d 676, that:

"The result of our views is that it is established as settled law of this state by the decision in *Garrison Co.* v. *Lawson,* 171 Ark. 1122, 287 S. W. 396, and *Natural Gas & Fuel Co.* v. *Lyles, supra,* that an instruction is inherently erroneous, and, therefore, prejudicial, which leaves out of consideration the plaintiff's contributory negligence or his assumption of risk, and leaves to the jury the determination of the defendant's conduct, as the sole issue of the jury's verdict, by concluding with the phrase, 'you will find for the plaintiff,' since, under the evidence, the conduct of the plaintiff as well as that of the defendant is essential to a proper verdict."

The three instructions mentioned were inherently erroneous and so far as the record shows were both generally and specifically excepted to. On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.