LONG BELL LUMBER COMPANY *v.* TARVER.

4-5072

Opinion delivered May 23, 1938.

*Triplett & Williamson*, for appellant.

*Curtis DuVall* and *Glover & Glover,* for appellee.

McHANEY, J. Appellee sued appellant to recover damages for personal injuries sustained by him when one end of a long heavy board fell on his foot when it passed through the planing mill. He and another employee, one Stubbs, were engaged in off-bearing lumber from the planer, Stubbs taking the front end of the board as it came through and appellee taking the rear end, and then stacking it out of the way. The negligence laid in

the complaint and relied on was, first, that another employee, one Ray, "came up from behind and playfully struck at plaintiff with a long stick and yelled at plaintiff which caused plaintiff to jump back, and in jumping back, plaintiff missed the end of a 2 x 12, 16 feet long with his hands, allowing it to drop on his left foot," causing a painful injury; and, second, "that the planer used was not a reasonably safe place to work due to the fact that it did not have an off-bearing table to protect plaintiff from just this kind of injury." The defense was a general denial; that said Ray was not in its employ, but was the servant of one Douglas who was the owner and operator of the sawmill and equipment located under the same shed with the planing mill, and that it was not responsible for the negligence of said Ray; and that appellee was guilty of contributory negligence, and that he assumed the risk of working without a table to receive the boards. Trial to a jury resulted in a verdict and judgment against appellant for $1,500.

For a reversal of the judgment against it, appellant first says the court should have directed a verdict in its favor at its request. This contention is based on the argument that there was no proof that said Ray was appellant's employee. The evidence is undisputed that Douglas was the owner and operator of the sawmill, including the engine that furnished the power to operate both the sawmill and the planing mill; that appellant was the owner of the latter; that Douglas was sawing lumber for appellant who furnished the logs, directed what kind of lumber to manufacture, when to operate the sawmill, when to shut it down, and paid Douglas so much per thousand feet of lumber manufactured by him. Also, that the engine, owned by Douglas was used to operate the planer for which Douglas was paid 75 cents per hour, and that when the planer was in operation, which was only a few hours per week, the sawmill was shut down as the engine would not operate both at once. The employees including Ray were used interchangeably, that is when the planer was running, some of the employees of the sawmill were used in the operation of the planer

and vice versa. All the employees were paid at the office of appellant with insurance charges deducted and Douglas was charged with the amount paid to the sawmill employees whose time was kept by him. All the machinery was under one shed and appeared to be one plant. Ray testified he was working for Douglas, and that he did not playfully or otherwise strike at appellee with a stick, but that he was repairing a valve chain used to operate the conveyer in the sawmill; that he needed an axe to trim a short board which he was going to use in straightening up the conveyer which had gotten out of line; that he approached appellee with the piece of board in his hand and asked where the axe was, but did not strike at him; that appellee failed to catch the end of the board as it came through the planer and it fell on his foot; that he then took appellee's place off-bearing for only a short time, for which he was not paid by appellant. It is further shown that Ray was paid by Douglas or by appellant for Douglas for that day's work. Nevertheless, under this state of facts we are unwilling to say, as a matter of law, that Douglas was an independent contractor for the negligent acts of whose servants appellant would not be liable. Nor do we think the case is ruled by *C. M. Farmer Stave & Heading Co.* v. *Whorton*, 193 Ark. 708, 102 S. W. 2d 79, as the facts are wholly different. It is more nearly like the case of *Black Springs Lumber Co.* v. *Palmer*, 192 Ark. 1032, 96 S. W. 2d 469, where we held the question of independent contractor one for the jury.

We are of the opinion, however, that the cause must be reversed and remanded for a new trial for error in instruction No. 5, given at the request of appellee which ignored the defense of assumption of risk. This was a binding instruction omitting this defense. *Temple Cotton Oil Co.* v. *Skinner*, 176 Ark. 17, 2 S. W. 2d 676, and a line of others down to *Vaughan* v. *Herring*, 195 Ark. 639, 113 S. W. 2d 512.

Moreover, we think the court should not have submitted the question of a safe place to work for the lack of a table, because appellee knew there was no table, and

the only reason for having two employees to off-bear the lumber was because there was no table. Appellee must be held to have assumed the risk of the absence of a table as whatever danger there was by reason of its absence was perfectly open and obvious, and he must have known and appreciated the danger. As said in the recent case of *M. E. Gillioz* v. *Lancaster*, 195 Ark. 688, 113 S. W. 2d 709: "Of course, this court has always held that where the danger arising from an employment is so apparent and obvious in its nature as to be at once discoverable to one of ordinary intelligence, an employee by voluntarily undertaking to perform his work in such a situation assumes the hazards which exempts the employer from liability on account of injury to the employee."

We do not think appellant was entitled to its requested instruction "A," which was a request for a directed verdict, declaring appellee assumed the risk of working where he did. While he assumed the ordinary risks incident to the employment, he did not assume the risk of the negligence of the master or any of its servants.

Other questions are argued which may not arise on another trial and we do not discuss them. Appellee does not appear to have been seriously injured and the recovery had was entirely ample. For the error indicated, the judgment is reversed, and the cause remanded for a new trial.