REYNOLDS *v.* ASHABRANNER.

4-8353                                          207 S. W. 2d 304

Opinion delivered January 19, 1948.

720

*James R. Campbell,* for appellant.

*E. C. Thacker, C. Floyd Huff, Jr.,* and *Wils Davis,* for appellee.

ED. F. McFADDIN, Justice. Appellee, R. A. Ashabranner, a real estate broker in Hot Springs, filed action against appellant, C. C. Reynolds, and his wife, Mrs. Cornelia Ney Reynolds, for $1,750 claimed by appellee to be due him as the earned commission under a real estate broker's contract. Mr. and Mrs. Reynolds owned, by estate of entirety, a tourist court near Hot Springs. An agent of Ashabranner approached Mr. Reynolds to list the property for sale, at a price of $35,000, and Reynolds signed a contract reading as follows:

"January 25, 1946.

"For and in consideration of the services rendered and to be rendered by Dixie Realty Company, R. A. Ashabranner, Broker, in selling or assisting me to sell or exchange the property described on the reverse side of this contract, of which I am the sole owner, I agree that R. A. Ashabranner, Broker, shall have the sole and exclusive agency of sale for said property for a period of three months from date hereof, and thereafter until notified by me orally or in writing of its withdrawal from sale; and I hereby authorize them to sell or contract with purchaser for the sale and conveyance by warranty deed of said premises according to the price and terms herein given, title to be shown by abstract of title which I agree to furnish.

"If said property be sold or otherwise disposed of by R. A. Ashabranner, Broker, during the above period, I agree to pay to their order the sum of $............................................ being the customary commission of 5 per cent. on the gross amount of said sale, or the value at which it may, with my consent, be exchanged for other property.

"I further agree to pay said commission to R. A. Ashabranner, Broker, if said property be sold or otherwise disposed of by any other person, firm or corporation including the undersigned, during the above period, or after the above period, on information given, received or obtained through this agency.

"Signature of Owner    C. C. Reynolds."

General information about the property, and the price thereof, were detailed on the reverse side of the page.

The instrument was never signed by Mrs. Reynolds. Witnesses for Ashabranner testified that Mr. Reynolds reported himself as the sole owner of the property (just as stated in the instrument). Reynolds testified that he advised Ashabranner's representative that the property was an estate by entirety, and that the instrument had to be signed by Mrs. Reynolds before it could become a contract. The conflict on this point is a disputed issue discussed in topic I, *infra*.

Ashabranner procured a purchaser claimed to be ready, able and willing to buy the property. The Reynolds refused to convey, and Ashabranner filed this action for his commission. The case was tried to a jury, and resulted in a verdict and judgment awarding Ashabranner $875 against C. C. Reynolds, but no judgment against Mrs. Cornelia Ney Reynolds. From the judgment of $875 against him, C. C. Reynolds has appealed; and Ashabranner has cross appealed, claiming he is entitled to a judgment against C. C. Reynolds for the full amount of $1,750. Mrs. Cornelia Ney Reynolds is not a party to this appeal. Much of the case in the lower court related to whether Mrs. Reynolds was liable. The jury verdict settled that question; and, as to her, Ashabranner has not appealed;

so, the questions presented here relate to the case between Ashabranner and C. C. Reynolds.

I. *Did Ashabranner Have a Contract with Reynolds?* The general rule is, that, unless there are provisions to the contrary, one who employs a broker is liable for the broker's compensation, regardless of the employer's interest in the property. See 9 C. J. 586 and 12 C. J. S. Brokers p. 178, § 82, and cases there cited. Our own cases of *Branch* v. *Moore,* 84 Ark. 462, 105 S. W. 1178, 120 Am. St. Rep. 78; *Reeder* v. *Epps,* 112 Ark. 566, 166 S. W. 747; and *Chandler* v. *Gaines,* 145 Ark. 262, 224 S. W. 484, point to the conclusion that Reynolds' inability to convey the entire title would not be available as a defense to him if in fact he made a binding contract with Ashabranner to pay the real estate man a commission for producing a purchaser ready, able and willing to buy the property on the terms stated. The signing of the instrument was admitted by Reynolds; so Ashabranner had a contract, unless it was signed on a condition that kept it from coming into force. Such is now to be considered.

Reynolds claims that the instrument he signed to Ashabranner was on a condition precedent, which was that the instrument was not to be a contract until Mrs. Reynolds signed it. Appellant thus seeks to bring himself within the rule of such cases as *Barr Cash & Package Carrier Co.* v. *Brooks Co.,* 82 Ark. 219, 101 S. W. 408, and *American Co.* v. *Whittaker,* 100 Ark. 360, 140 S. W. 132, 37 L. R. A., N. S. 91, which cases hold that parol evidence is admissible to prove that a written contract, although complete on its face and delivered, is not to go into existence and be binding until certain conditions precedent have been fulfilled. On this point appellant says: "Appellant further contends that one of the conditions of the contract was that the wife's signature should be obtained thereto before it was binding. His contention in this respect certainly should have been submitted to the jury. The instructions wholly ignore this theory of appellant's case."

And on his theory, of a condition precedent to the coming into existence of the contract, appellant requested defendant's instruction No. 4, the refusal of which is assigned as error. This instruction reads: "If you find from the evidence in this case that the defendant, C. C. Reynolds, signed the contract with the plaintiff in good faith, but on the condition that the plaintiff was to obtain the signature of his wife thereto, and if you further find that the plaintiff failed or neglected to procure Mrs. Reynolds' consent or signature to said contract, you are instructed that, having failed to meet a condition precedent, the contract was incomplete, and the defendant, C. C. Reynolds, was discharged by operation of law, and the plaintiff could not recover."

Assuming that appellant is correct on his abstract principle of law, nevertheless, when we consider the evidence relating to the conduct of the appellant after he knew that Mrs. Reynolds had not signed the contract, we reach the conclusion that the instruction should not have been given in the form requested, because it did not include the question of whether Reynolds had waived the condition precedent. Appellant first testified about the signing of the instrument: " . . . I told him I would sign the contract if he wanted me to, and that he could contact my wife later and get her signature on it; otherwise, I said, the contract would be null and void, because her signature had to be on the contract. So I signed the contract and he departed." And, later, appellant testified: "Q. Did you ever discuss with your wife the fact that you had listed the property with Mr. Ashabranner? A. I told my wife what I had done about listing the property, yes. Q. When did you tell her that? A. Probably two or three days after Mr. Ashabranner was out there. Q. In the course of two or three days you told her about it? A. Yes. Q. She knew then that you listed it? A. Yes. Q. You continued then to show the property to the prospective purchasers as they came out there? A. I showed the property. I hadn't shown it to anybody before that.

· · · · ·

"Q. I believe you testified you advised your wife you had signed the contract? A. Yes. Q. And she knew

these various prospective purchasers were out there from time to time, did she not? A. Yes."

In short, even if the instrument had been originally signed on a condition precedent (that Mrs. Reynolds would have to sign before there was a contract), nevertheless, Reynolds, after discussing the matter with his wife, continued to let Ashabranner perform his part of the contract by bringing prospects to see the property. In the absence of a contract, Reynolds had no right to expect Ashabranner to show the property to any prospect; and, furthermore, Reynolds, by showing the property to these prospects, performed acts which made a fact question as to whether he had waived the condition precedent to the existence of the contract. The situation here is not that of a waiver of a condition precedent *stated in the written contract*; rather, it is the waiving of a condition precedent to the coming into existence of the contract. See 17 C. J. S. 792 on "Conditions Precedent." In 13 C. J. 791, in discussing the waiver of a condition precedent in actions concerning contracts, the general rule is stated: "The question as to whether a condition precedent has been performed is purely one of fact to be determined by the jury under the evidence. And the same has been held to be true of the question as to whether the performance of such condition has been waived, but the jury should be properly instructed as to the law." See, also, 17 C. J. S. 1297.

The issue of waiver was as definitely intertwined with the issue of condition precedent as pleaded contributory negligence is intertwined with pleaded negligence; and we have repeatedly held that a "binding instruction," ignoring pleaded contributory negligence, should be refused. *Natural Gas Co. v. Lyles*, 174 Ark. 146, 294 S. W. 395; *Temple Cotton Oil Co. v. Skinner*, 176 Ark. 17, 2 S. W. 2d 676; *Postal Tel. Co. v. White*, 188 Ark. 361, 66 S. W. 2d 642; *Mo. Pac. R. Co. v. Burks*, 197 Ark. 1104, 121 S. W. 2d 65. If instruction No. 4 had been given, the essential issue of waiver would have been ignored; yet

instruction No. 4 was a "binding instruction,"[1] in that it said "the plaintiff cannot recover." Before Reynolds can successfully complain of the refusal of the trial court to give the defendant's requested instruction No. 4, Reynolds must show not only (a) that the instruction was a correct declaration of law applicable to the case, but also (b) that this instruction constituted a *complete* declaration of law on the point at issue. Reynolds has failed in this latter essential, because he did not, in his instruction No. 4 (or, in fact, in any other requested instruction) couple the issue of waiver with the issue of condition precedent.

Trial courts are not required to give instructions which need explanation, modification or qualification. See 64 C. J. 912. We have repeatedly held that it is not error for the trial court to refuse an instruction which excluded one of the issues in the case. *American Ins. Co.* v. *Haynie,* 91 Ark. 43, 120 S. W. 825, concerned an instruction which ignored the issue of waiver. *Gunter* v. *Williams,* 137 Ark. 530, 210 S. W. 136, concerned an instruction that ignored the issue of ratification of a contract. See, also, *Carp* v. *Priess,* 166 Ark. 130, 265 S. W. 664, and other cases collected in West's Arkansas Digest, "Trial," § 253(3). So, for the reasons stated, we hold that the trial court did not err in refusing Reynolds' instruction No. 4.

With this question settled, it follows that there was ample evidence to take the case to the jury on the primary question of whether Ashabranner had a contract with Reynolds. The jury's verdict settled that issue in favor of appellee.

II. *Did Ashabranner Produce a Purchaser "Ready, Able and Willing" to Buy the Property in Accordance with the Contract?* The evidence was amply sufficient

---

[1] A "binding instruction" is one which tells the jury that, if only the conditions stated in that one instruction are found to exist, then the jury will determine the case. In other words, the instruction in effect "binds" the jury to return a verdict based only on such instruction. For some cases on "binding instructions," see: *Scott-Burr* v. *Foster,* 197 Ark. 232, 122 S. W. 2d 165; *Siegel & Co.* v. *Moore,* 204 Ark. 50, 161 S. W. 2d 387; *Long Bell Lbr. Co.* v. *Tarver,* 196 Ark. 275, 118 S. W. 2d 282; *Mo. Pac. R. Co.* v. *Dalby,* 199 Ark. 49, 132 S. W. 2d 646.

to take that question to the jury. The proposed purchaser, Mr. Cellenano, testified that he was ready, able and willing to buy the property on February 27, 1946 (well within the contract time), and to pay the full cash price therefor; and that, subsequent to the refusal of Reynolds to convey, Cellenano paid more than $35,000 in cash for somewhat similar property. There was other evidence, all going to show that Ashabranner had produced a purchaser "ready, able and willing." We have considered the other assignments on the direct appeal of Reynolds, and we find no error; and the judgment against him is affirmed.

III. *The Cross Appeal of Ashabranner.* Immediately after the jury returned its verdict of $875, in favor of Ashabranner and against Reynolds, Ashabranner moved the court to render a judgment in his favor and against Reynolds for the full sum of $1,750. This was in the nature of a motion *non obstante veredicto.* This motion was denied by the court; and, by his cross appeal, Ashabranner claims that the trial court committed error. But Ashabranner is is no position to claim any error in this regard, because he filed no motion for new trial in the lower court.

In *Larimore* v. *Howell,* 211 Ark. 63, 199 S. W. 2d 320 we said:

"When it appears *from the face of the pleadings* that either side is entitled to a judgment thereon, then the party so entitled may have a judgment notwithstanding the verdict; and on appeal to this court in such case, there need be no motion for new trial filed in the lower court; because the question presented here is one based entirely on the record, *i. e.,* the pleadings.

"But when the motion for judgment notwithstanding the verdict is asked because of *matters claimed to appear in the evidence*—as distinct from the pleadings—then the party who seeks to invoke the jurisdiction of this court must first have filed a motion for new trial in the lower court." (Italics now added).

Ashabranner's right to a recovery in this case depended on the evidence rather than merely on the pleadings—as has been heretofore demonstrated. Since Ashabranner filed no motion for new trial, it follows that his cross appeal should be denied.

The judgment of the circuit court is affirmed, both on direct appeal and cross appeal.