HEARN v. EAST TEXAS MOTOR FREIGHT LINES.

4-9421                                          241 S. W. 2d 259

Opinion delivered July 9, 1951.

---

*Ted McCastlain* and *Fletcher Long*, for appellant.

*Wright, Harrison, Lindsey & Upton* and *Alston Jennings*, for appellee.

GRIFFIN SMITH, JR., Special Justice. Appeal is from a judgment based on the verdict of a jury denying R. A. Hearn recovery from East Texas Motor Freight Lines for claimed personal injury.

A collision in Brinkley involved appellant's truck with a tractor-trailer unit operated by appellee. Appellant charged negligence, appellee contributory negligence. The issue: whether appellee's Instruction 5, in omitting a portion of the definition of contributory negligence, misled the jury so that error resulted.

The challenged instruction set forth § 75-623, Ark. Stats., (requiring drivers to stop before entering a through highway intersection). It then told the jury that,

"Violation of this or any other statute, if you find any violation, is evidence of negligence which you shall consider along with all of the facts and circumstances of the case, as revealed by the evidence, in determining whether either party was negligent, *and if you find that the plaintiff was guilty of any negligence, however slight, your verdict must be for the defendant.*"

Appellant contends that the italicized portion is fatally defective because it omits an element essential to proper statement of the rule of contributory negligence —that to defeat recovery claimant's negligence must have caused or contributed, in some degree, to his own injury.

This instruction, reasons appellant, is *binding* because it concludes with the phrase "your verdict must be for the defendant," and is erroneous because it re-

quired the jury to find for appellee if any negligence on the part of appellant was shown, irrespective of whether such negligence caused or contributed to appellant's injury.

Appellee insists that there was no misconception of the law because a previous instruction, separated from appellee's instruction 5 only by a statement as to burden of proof, correctly defined contributory negligence as that which "caused or contributed to (appellant's) damage or injury"; and because the instruction immediately following instruction 5 reiterated that a verdict for appellee was required if it was found that "R. A. Hearn failed to exercise ordinary care, as defined in this instruction, or other instructions, and that such failure, if any, caused or contributed to his injuries, * * *."

The concluding phrase "you will find for the plaintiff" or "you will find for the defendant" is the mark of a binding instruction. *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304; and where a binding instruction is given which ignores an essential issue on which evidence conflicts, reversible error is committed, even though a separate instruction correctly defines such issue. *Vaughan* v. *Herring,* 195 Ark. 639, 113 S. W. 2d 512.

The rule has been applied where an instruction purports to recite conditions under which recovery should be granted or denied, but requires the jury to find for a particular party without mention of such controverted affirmative defenses as assumption of risk (*Garrison Company* v. *Lawson,* 171 Ark. 1122, 287 S. W. 396), contributory negligence (*Natural Gas & Fuel Co.* v. *Lyles,* 174 Ark. 146, 294 S. W. 395), adverse possession (*Bayles* v. *Daugherty,* 77 Ark. 201, 91 S. W. 304), and others.

The purpose of instructions is to inform the jury of the legal principles applicable to the facts presented, and furnish a guide to assist in reaching a verdict. They are ordinarily read to the jury with continuity and unless contradictory as a matter of law must be considered as a whole. If, when so considered, the legal issues presented are properly explained, no prejudice results. *St. Louis*

*I. M. & S. Railroad Co.* v. *Rogers,* 93 Ark. 564, 126 S. W. 375, 1199.

Tested by this standard, the present charge is sufficient. Contributory negligence was succintly defined in a previous instruction. After digressing from this particular definition only momentarily, and without material deviation from the related issues, the court gave instruction 5. This was followed immediately by further admonition which defined ordinary care and connected it with the facts in issue.

It cannot be assumed that appellee's instruction 5 received special emphasis, either from its position with relation to the remaining instructions or because of its wording.

Not only do appellee's instructions take contributory negligence into account, but appellant's instruction 5 is likewise drawn so that the issue was not ignored. It stated the rule from a negative standpoint by binding the jury to find for appellant if it believed that injury resulted solely and proximately from appellee's negligence.

We conclude, therefore, that failure to fully redefine contributory negligence in appellee's instruction 5 was not error.

Affirmed.

ROBINSON, J., not participating.

GRIFFIN SMITH, Chief Justice, dissenting. This appeal was submitted February 26th. Mr. Justice ROBINSON announced that he would not participate in the determination. Result was that three of the Judges thought the judgment should be reversed and the cause remanded for a new trial, while three believed that the instruction complained of was distinguishable factually from cases controlling where binding directions had been given. The effect of a binding instruction was discussed in *Missouri Pacific Railroad Co.* v. *Burks,* 196 Ark. 1104, 121 S. W. 2d 65. I concede that Hearn v. East Texas is a closer case, but feel that any relaxation of the rule applicable to binding instructions should be preceded by notice to

courts and attorneys. *Anheuser-Busch, Inc.*, v. *Manion*, 193 Ark. 405, 100 S. W. 2d 672. I therefore dissent.

McFADDIN, J. concurs in this dissent.