RUPERT MOORE *v.* STATE OF ARKANSAS

5700                                          479 S.W. 2d 857

Opinion delivered May 8, 1972

*Odell C. Carter,* for appellant.

*Patten, Brown & Leslie,* for appellee.

JOHN A. FOGLEMAN, Justice. Rupert Moore was acquitted of the burglary of the store of H & R Wood & Sons, Inc., at Grady on November 13, 1970, but convicted of grand larceny of property taken from the store. He presents two points for reversal of his conviction. The first is that an instruction given by the trial court was tantamount to a directed verdict. The instruction defined larceny and told the jury that, if it found from the testimony beyond a reasonable doubt, that appellant had, within three years prior to the filing of the indictment, stolen property of H&R Wood & Sons, Inc., of the value of more than $35 with the intent to convert the same to his own use and deprive the true owner thereof, it would convict him of grand larceny. This instruction is quite similar in form to an instruction approved in *Condit* v. *State,* 130 Ark. 341, 197 S.W. 579. See also, *Roberts* v.

*State,* 84 Ark. 564, 106 S.W. 952. Appellant complains that the court used the words "will convict," upon the proper finding, rather than "should convict" as was the case in *Condit.* We see little significant difference in the word choice here and no difference from telling a jury that if it believes the requisite facts to be true, the law demands a verdict of guilty as was indicated would be proper in *Roberts.*

The most that can be said of the instruction is that it is a binding instruction in that the verdict depends entirely upon the proposition therein stated and tells the jury to return a verdict against the defendant, if it finds the stated conditions to be true beyond a reasonable doubt. *Hearn* v. *East Texas Motor Freight Lines,* 219 Ark. 297, 241 S.W. 2d 259; *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S.W. 2d 304; *Scott-Burr Stores Corp.* v. *Foster,* 197 Ark. 232, 122 S.W. 2d 165. It is not error to instruct a jury that if it finds or believes, from the evidence, beyond a reasonable doubt, certain things specified, the defendant is guilty of the crime charged. *Thomas* v. *State,* 74 Ark. 431, 86 S.W. 404. Such an instruction containing a complete and correct statement of the law which does not exclude or ignore any question in issue is not erroneous. *Scott-Burr Stores Corp.* v. *Foster,* supra; *St. Louis, I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 105, 100 S.W. 884. It is only when a binding instruction is an erroneous declaration of law or ignores an essential issue in the case that its being given constitutes prejudicial error which cannot be cured by other correct instructions which would supply the deficiency. *Johnson* v. *State,* 142 Ark. 573, 219 S.W. 32; *Claiborne* v. *State,* 51 Ark. 88, 9 S.W. 851; *Whaley* v. *Crutchfield,* 226 Ark. 921, 294 S.W. 2d 775; *Hearn* v. *East Texas Motor Freight Lines,* supra; *Missouri Pacific R. Co.* v. *Burks,* 196 Ark. 1104, 121 S.W. 2d 65. See also, *Bridgeman* v. *State,* 145 Ark. 554, 225 S.W. 1. But see, *Slaytor* v. *State,* 141 Ark. 11, 215 S.W. 886. Examination of the instruction complained of here discloses that every issue in the case was covered.

Even though we find no reversible error in this instruction, this court has never looked favorably upon binding instructions. We have long discouraged the use

of such instructions, because of the impractibility of stating all the various propositions of law involved in one instruction. See *Ft. Smith Light and Traction Co.* v. *Hendrickson,* 126 Ark. 377, 189 S.W. 1064. The hazards to an error-free trial posed by this type of instruction in a multi-faceted trial are obvious. Reversals on account of a single instruction should be exceptional. It is significant that AMI, Civil, prescribed by per curiam order on April 19, 1965, effective February 1, 1966, does not contain a single binding instruction. The note on use appended to AMI 2101 clearly indicates the extent to which the Committee on Instructions went in an endeavor to avoid the ever-present pitfalls associated with instructions of this type. Judges should, wherever possible, avoid the giving of binding instructions.

The remaining point for reversal is that error was committed in permitting witnesses to testify about objects never introduced into evidence because they were never properly identified as having any connection with the crimes charged. The information alleged that Rupert Moore and a companion (who was tried separately) stole a .44-magnum carbine, a Remington .22-caliber automatic rifle, a Stevens 12 gauge shotgun and a Winchester single shot .22-caliber rifle. The Remington .22 rifle was introduced in evidence without objection. It had been identified as coming from the burglarized store and connected with Moore by testimony that he had pawned it at Doc's Pawn Shop in Pine Bluff. It was shown that a rifle was delivered to a deputy sheriff at Moore's home by Moore himself, but no one was able to say that it had come from the store. A carbine was reported as having been taken from the store but a weapon of that type could not be identified. A single shot .22 rifle said to have been pawned by Moore was recovered from Hayes Pawn Shop, but the state could not show that it came from the Wood store. None of the weapons, other than the .22-caliber automatic rifle was ever admitted into evidence, and every objection to admission was sustained. Obviously, the weapons were in the courtroom in plain view of the jury. Appellant complains that the trial court never admonished the jury not to consider the preliminary testimony about the rifles never admitted into evidence.

The fact is, however, that the appellant was satisfied to rest upon the sustaining of his objections. He did not, either at the time the separate objections were sustained, or at the conclusion of all the evidence, request that the jury be admonished not to consider the testimony about the weapons not identified or connected with him. He is in no position to complain on this ground. *Whitney* v. *State,* 176 Ark. 771, 4 S.W. 2d 9; *Hardy* v. *Raines,* 228 Ark. 648, 310 S.W. 2d 494.

Appellant also suggests that he was so prejudiced by this testimony that a reversal is required on the same basis as was applied in *Cabbiness* v. *State,* 241 Ark. 898, 410 S.W. 2d 867. We do not agree. There, the prosecuting attorney, even after the court had belatedly sustained the defendant's objection to the introduction of a pistol, the inadmissibility of which was not subject to doubt, asked a witness whether the pistol was loaded or unloaded. No such situation is presented here, and we cannot say that the testimony was so manifestly prejudicial that a proper admonition by the trial court would not have afforded an adequate cure.

The judgment is affirmed.